Ruffin, Judge,
 

 after stating the case as above, pro* ceeded, the plea does not stale who is the Plaintiff in South-Carolina, and for that reason is, strictly speaking, bad. But in our loose practice, we will aid the plea, by considering it as referring to, and incorporating the records from Fairfield, which are filed with the plea. They show an action pending there on the same notes, in the name of
 
 Daniel Casey, to
 
 whom the present Plaintiff
 
 William Casey
 
 had endorsed them.
 

 
 *245
 
 It is unnecessary to say, whether under our Constitution and act of Congress, the pendency of an action in a sister State, can hinder the same Plaintiff from suing the Defendant in our Courts. There are very respectable authorities and strong reasons, both ways. The Court does not choose to intimate an opinion upon the point, until it be brought directly into judgment.
 

 This however is a very different question. Here the two actions arc brought by different Plaintiffs. It seems to be against principle, that the suit of one person should be abated, because another has thought proper to demand the same thing in another action. A popular action is subject to that rule. The reason is, because the right of action to the thing sued for, attaches with the priority of the action. The defence may be taken, either by plea in bar, or abatement.
 
 (Combe
 
 v.
 
 Pitt, Bur. Rep.
 
 1423.)— But in actions founded upon
 
 tort
 
 or contract, the right of action depends upon the wrong dope, or the title, under the contract — with this restriction, that the same Plaintiff shall.not sue the same Defendant twice for the same tiling. All the precedents aver, that ‘‘the parties aforesaid to and in the plea aforesaid in the said Court, &c. and the said A, the now. Pdaintiff, and the said B, the now Defendant, are the
 
 same persons and not differ
 
 ent.”
 
 (Story’s Pl. 65,
 
 66, 67—2
 
 Ch.
 
 Pl. 419.) In truth, although each Plaintiff may be suing for the same debt, it is not in the same right. And therefore the claim of one shall not impede the progress of the other. When the parties are the same, and the thing sued for is the same, the right shown in both actions must be identical. In such case, the second action is useless, and therefore shall not be prosecuted. This case happily- exemplifies the propriety of the distinction. It is this, the payee of a note endorses it, and the endorsee sues the maker.— Afterwards the endorser, we must presume, (1
 
 Hay.
 
 18, 214,) pays the assignee, and takes up the note. He may have been compelled to pay by suit, for aught that we
 
 *246
 
 know; or he may have paid to avoid a suit. Shall he be defeated of his immediate action against the maker, because the endorsee brought suit on the note while he owne¿ ¡t, That would be to punish the endorser for honesty, and promptly performing his engagement. The as-signee is not obliged to return the note, unless the endorser pa} him the costs of the suit against the maker, as well as of that against himself, and principal and interest. It is to be supposed, that such is the fact. If it be not, it is between themselves. For by reason of the assignee’s parting with the note, he must fail in
 
 his
 
 action against the maker, and thus be liable for the costs of it. But that forms no bar or impediment to the suit of the payee, who again ácquires the property in the note and debt. If therefore the action of
 
 Daniel Casey
 
 had been instituted in
 
 this
 
 State, instead of another, it would have been no hindrance to the present.
 

 The judgment below must be reversed, the demurrer sustained', and judgment of
 
 respondeas ouster
 
 entered.—
 
 (Eichorn
 
 v.
 
 Le
 
 Maitre, 2
 
 Wils. 367
 
 —Bowen v.
 
 Shapcott,
 
 1
 
 East.
 
 542.)
 

 Per Curiam. — Let the judgment of the Court below bo reversed — sustain the demurrer, and enter judgment of
 
 respondeas
 
 ouster.