W. H. HARRIS and wife SUSAN *v.* JAMES JOHNSON, *et al.*

The pendency of a former action between the same parties, for the same cause, is a good defence in a second action.

In such a case at Common Law, advantage must be taken thereof by a plea in abatement. Under the C. C. |P., advantage must be taken by answer, if the complaint does not show the pendency of such former action.

Appeal from the judgment of a Justice 'of the Peace, tried before *Watts, J.*, at Spring Term, 1871, of NORTHAMPTON Superior Court.

The plaintiffs held two single bills on the defendants, the principal of which amounted to less than two hundred dollars, and issued separate warrants on each, on the 22d of September, 1869.

The defendants in their answer, as a bar to the action, alleged that prior to issuing the warrants by the Justice of the Peace, the plaintiffs had consolidated both single bills, and brought suit thereon to Spring Term, 1867,'of the Superior Court of law of Northampton County, which said action is still pending.

The plaintiffs demurred to the answer.

The defendants moved the Court to dismiss the appeal, which his Honor declined, and gave judgment *respondeat ouster*.

Rule, &c.   Appeal.

HARRIS AND WIFE *v.* JOHNSON, *et al.*

*Barnes*, for plaintiff.

*W. W. & R. B. Peebles*, for defendants.

DICK, J.   The defendants allege in their answer, by way of defence, that the plaintiffs have another suit against these defendants, now pending in the Superior Court of Northampton County, for the same cause; which said suit was commenced before this action was instituted.

There was a demurrer filed to this answer, and on the argument of the demurrer, all the allegations of fact in the answer, must be taken as true.   As the matter does not appear on the face of the complaint, the defence was properly set up in the answer, and is in the nature of a plea in abatement of the present action.

The pendency of a former action between the same parties, for the same cause, is a good defence in a second action, and at common law, must be taken advantage of by a plea in abatement.

In a penal action, at the suit of a common informer, the priority of a pending suit, for the same penalty, in the name of a third person, may be pleaded in bar, because the party who first sues is entitled to the penalty.   1 Chit. Pl. 454; *Commonwealth* v. *Churchill*, 5 Mass. 174; 1 Saunders Pl., 19.

In our case, as it appears from the facts admitted in the pleadings, that there is a suit now pending between the same parties for the same cause, which was commenced before this action, in the Superior Court of Northampton, the present action must be abated, and the defendants go without day and recover their costs.

PER CURIAM.                              Judgment reversed.