JOHN T. SMITH and wife v. WILLIAM A. MOORE.

*Practice—Pleading—Sale by Commissioner.*

1. The fact of the pendency of another action or proceeding involving the same controversy between the same parties as the one under consideration must appear of record by plea, answer or demurrer before this Court will notice it.

2. If two actions are between the same parties for the same cause, and the first is so constituted as to afford complete relief to all the parties, the second is unnecessary, and must be dismissed.

If a final decree has been entered in the first, this would bar a new action, or even a motion in the same action, until the decree is impeached or vacated for cause.

If the allegations in the second action should set forth the substance of the pleadings in the former, and disclose facts calling for the same measure of final relief as in the first action, and nothing more is demanded, such pleading is demurrable.

3. *It seems* that there is no means known to our practice of holding a commissioner appointed to make a judicial sale pecuniarily responsible for the money collected by him, except by an action instituted by the parties entitled to such money.

CIVIL ACTION, tried at Spring Term, 1878, of CHOWAN Superior Court, before *Furches, J.*

It appeared that upon the petition of the feme plaintiff and other tenants in common, the defendant was appointed

commissioner to sell certain lands, that the sale was made, the money collected by the defendant, title made to the purchaser, and the fund paid to the parties entitled, except the feme plaintiff, who complains and alleges that the defendant is indebted to her in the sum of $272, being her share of the proceeds arising from the sale of lands in Perquimans county, described in the petition of Joseph W. Barrow and others, *ex parte,* and received by the defendant as commissioner. The defendant admits that he received the fund as aforesaid, but alleges that he paid her the amount due before her marriage with the plaintiff, and that she was of full age when she received the same. And he further alleges that if she was an infant when she employed him as an attorney to collect her debts and received the money demanded in the complaint, she has ratified and confirmed her contract with him after she attained the age of twenty-one years, by bringing this action for the proceeds of sale instead of sueing the tenant for possession; and that since her marriage with the plaintiff, John, and since she attained the age of twenty-one years, she has ratified said contract and payment by receiving in full all monies due her from the defendant, through her agent, the said John T. Smith, her husband, and that if she was an infant when said money was received to her use by the defendant, she was without guardian, and the defendant at her request expended the same for her necessary maintenance and support; and that if she was an infant when said money was paid to her, she obtained the same from the defendant by fraudulently pretending to him that she was of full age; and for further answer the defendant says that he did not promise to pay the sum demanded within three years before the commencement of this action, and pleads the statute of limitations in bar of the same. The plaintiffs in reply deny the payment alleged in the answer, and say that at the time of any payment by the defendant to the feme

plaintiff, she was an infant, and specially plead her infancy in bar thereto.

Upon the trial at Spring Term, 1877, the jury found the issues in favor of plaintiffs, and on defendant's motion the verdict was set aside and a new trial granted. Upon the hearing before His Honor, the defendant moved to dismiss the action for want of jurisdiction, which motion was allowed and the plaintiffs appealed.

*Messrs. Gilliam & Gatling*, for plaintiffs.

*Messrs. Mullen & Moore*, and *J. B. Batchelor*, for defendant, cited *Jarman* v. *Saunders* 64 N. C., 367; *Mauney* v. *Pemberton*, 75 N. C., 219; *Chambers* v. *Penland*, 78 N. C., 53.

FAIRCLOTH, J. We are not informed by His Honor nor by any statement of the case, as it is called, on what ground this action was dismissed. We are told by counsel in their argument here, that it was done because there was another proceeding pending in which the plaintiffs could have com plete relief, and that, therefore, this action can not be sustained. This objection is not made by demurrer, plea or answer, but it is insisted that this Court, looking at the pleadings alone, can see, as a matter of law, that the plaintiffs had a complete remedy in another proceeding therein referred to. On reference to the pleadings we find the plaintiffs alleging that the defendant is indebted to them for monies received by him as commissioner, being the share of the feme plaintiff in the funds arising from the sale of certain lands in Perquimans county, described in the petition of Joseph W. Barrow, and others, *ex parte*, and the defendant admitting that " he received for the use of the said Martha the sum of $—, being her share of the fund arising from the sale of certain lands in Perquimans county, described in the petition of Joseph W. Barrow, and others, *ex parte*, filed by the said defendant as attorney for the peti-

tioners," and alleging that he has paid the plaintiffs, with which, however, we have nothing to do at present  The record also shows that a jury trial was had at Spring Term, 1877, and the verdict of the jury was set aside, and that at Spring Term, 1878, the action was dismissed as above stated.  This is all we find in the record material to our inquiry.  We can not tell whether the sale was made under our former system of Courts, or in the Probate Court, under the present system, and we can see nothing of the orders or decrees fixing the duties of the commissioner, but the defendant admits that he received the money for the feme plaintiff.  If two actions are between the same parties and for the same cause of action, and the first is still pending and so constituted as to afford complete relief to the complainant, either plaintiff or defendant, then the second is unnecessary and must be dismissed.

If a final decree has been entered in the first, this would bar a new action, and even a motion, in the same, until the decree is impeached for some cause and vacated.  If the allegation in the second action should set forth the substance of the pleadings in the former, and disclose facts entitling the party to the same measure of final relief in the first action, and demands nothing more, then it would be demurrable.  The defendant thinks his case is within this rule, although he fails to demur, plead or answer to this effect, and cites several cases in our reports, in support of his position.  We have examined them, and no one of them fits his case.  All of them refer to controversies among the purchasers, or to an adjustment of equities among sureties, or to demands by the owners of the fund against the purchasers, or some one claiming under them.  None of them, nor any we have been able to find, embrace the case of a commissioner making a judicial sale.  He might be discharged from his office at any time by the Court, without affecting the rights or the status of the parties in Court.

It is true he is liable to an attachment for disobedience or failure to do his duty, but this is a remedy *in personam* merely. The Court has no power to award judgment and execution against his property. It may do so against the purchaser of property at its own sale, upon proper notice and in a summary way. Rev. Code, ch. 31, § 129. It may do so in the same way against sheriffs, coroners, constables, clerks and clerk and masters, when they have received money by virtue or under color of their offices. Rev. Code, ch. 78, § 5. This power is derived from statute, and is limited to the persons therein named. We are therefore unable to see that the plaintiffs could obtain full relief in the original proceeding against the commissioner, the defendant in this action, and are therefore unable to say that this action was unnecessary and improperly begun.

Error.

PER CURIAM.                                   Judgment reversed.