T. REDFEARN and wife v. M. AUSTIN, Adm'r.

*Distributive Shares, suits for—Executors and Administrators.*

Where the same person is administrator and guardian, and an action is brought in behalf of the infant heirs against him and the sureties on his guardian bond, to recover their distributive shares, and no exception is taken by the defendant on account of the non-joinder of the widow of the intestate as a plaintiff; *Held,* (1) That an action subsequently brought by the widow against him, as administrator, for her distributive share, is not demurrable for non-joinder of the heirs as plaintiffs. The defendant in such case acquiesced in a severance of the action. (2) Nor is the pendency of the suit on the guardian bond an obstacle in the way of the plaintiff, such bond not being a security for what is due her, and there being no identity between the parties or the cause of action.

(*Harris* v. *Johnson,* 65 N. C., 478; *Woody* v. *Jordan,* 69 N. C., 189; *Sloan* v. *McDowell,* 75 N. C., 29, cited and approved).

. CIVIL ACTION tried at Spring Term, 1882, of UNION Superior Court, before *Gudger, J.*

The *feme* plaintiff is the widow of the defendant's intestate, since intermarried with the other plaintiff, and they bring this action to recover her distributive share in the intestate's estate.

· The complaint, among other allegations charges, that the defendant became also guardian to two infant children of the intestate, also entitled to distributive shares in his estate, which passed from the defendant's hands as administrator into his hands as guardian, and being held by him in the latter capacity, they have brought an action on the guardian bond to recover what is due them, and the same is pending in the superior court.

The present suit is to recover the balance due the *feme* plaintiff, a portion of her distributive share having been paid.

The defendant demurs to the complaint, and assigns as grounds thereof:

1. A defect in the parties plaintiff, in that the other infant distributees should be associated with them.

2. The pendency of the other action on the guardian bond.

The demurrer being overruled and the cause remanded to the probate court for further proceedings therein, the defendant appeals from the ruling to this court.

*Messrs. Payne & Vann, Covington & Adams* and *Haywood & Haywood,* for plaintiffs.
*Messrs. Wilson & Son,* for defendant.

SMITH, C. J.   The demurrer can be sustained on neither ground, and was properly overruled.

1. The complaint avers the transfer of the shares of the infant distributees (that is, of the fund to which they are entitled) from the administration to the guardian account, and its being held by the defendant in the latter capacity. Though this transfer does not conclude an inquiry as to the amount due them and the

defendant's liability upon either bond, the complaint treats the trust fund as constituting an ascertained and fixed sum, the payment of which is enforced against the guardian bond.

But if it were otherwise, the objection would lie against the first action by the infant distributees, for that, the plaintiffs in this action ought to be parties to that. If the defence is pretermitted and not set up in that, it is not available in this suit. If the defendant is content to have a separate controversy about the assets with those who first sue, he cannot obstruct a second and necessary action brought by the other distributee to recover what is due her, by alleging the non-joinder of the others. A severance in the action is the legal consequence of acquiescence in the bringing of the suit by a part, when all should have been united in it.

But the present plaintiffs cannot be associated with the other distributees in prosecuting a suit on the guardian bond, as it is not a security for what is due the *feme* plaintiff, and she has no interest in common with them in enforcing the obligation of the guardian bond. They, and they alone, can sue on it and recover.

2. The other assigned cause of demurrer is equally untenable. The pendency of a former to abate a later suit, must be between the same parties and for the same cause of action, and such concurrence is necessary upon a demurrer under the Code, § 95, par. 3. *Harris* v. *Johnson,* 65 N. C., 478; *Woody* v. *Jordan,* 69 N. C., 189; *Sloan* v. *McDowell,* 75 N. C., 29.

This identity between parties and in the cause of action is not found in these two actions. The plaintiffs are different, and necessarily different persons; for while the two infant distributees could sue the defendant as administrator and the sureties on his administration bond for a default, as well as could the *feme* plaintiff, she could not sue upon the guardian bond, or for a liability incurred as guardian, for the reason that the defendant does not sustain this fiduciary relation to her. The causes of action are also essentially unlike. The breach of obligation

assumed in each capacity may furnish a cause of action, but it is not the same cause of action.

We therefore approve the ruling of the court and affirm the judgment, and this will be certified to the superior court for further proceedings therein according to law.

No error.                                        Affirmed.