ATTAS BRADSHAW ET AL. v. THE CITIZENS BANK OF BURNSVILLE ET AL.

(Filed 22 December, 1917.)

**Former Actions—Pleas in Bar—Actions—Executors and Administrators—Fraud.**

Pendency of proceedings brought before the clerk wherein the executors of a deceased person are sought to be disallowed a credit for the amount of a certain note alleged to have arisen out of transaction with a bank, involving fraud on the deceased, and transferred to the civil issue docket, to which the bank was not a party, cannot successfully be pleaded in bar to another action wherein the heirs at law are parties, joining the executors for conformity, brought against the bank to recover moneys it had wrongfully received on account of the alleged fraud.

CIVIL ACTION tried before *Carter, J.*, at July Term, 1917, of MITCH-ELL.

In the answer defendants pleaded the pendency of another action pending in the Superior Court of Yancey County in bar of the prosecution of this. The court sustained the motion to dismiss the action upon the fact of the pleadings, and plaintiffs appealed.

*Pless & Winborne, W. C. Newland, W. L. Lamber, and S. J. Ervin for plaintiffs.*

*Merrimon, Adams & Johnston, J. Bis Ray, Hudgins & Watson, and Charles Hutchins for defendants.*

BROWN, J. The action which the defendants plead in bar of the prosecution of this action is entitled Lillie Phillips et al. v. J. B. Hensley et al., Executors of B. S. Hensley, and was decided in an opinion by the writer at the present session of this Court. The opinion is referred to for a statement of the facts as explanatory of this case.

It will be seen that the aforesaid case was a proceeding instituted before the clerk of the Superior Court of Yancey County for the purpose of passing upon and auditing the final account of the executors of B. S. Hensley. The proceeding was brought into the Superior Court by appeal, and heard and determined therein upon the sole question as to whether the executors were entitled to a credit for $14,000, being a note they claimed to have paid in full to the Citizens Bank of Burnsville. The defendant was not a party to that proceeding and had no interest in it.

The plaintiffs in this action are the distributees and devisees of B. S. Hensley, and the defendants are his executors and the said bank. The executors are made parties as the personal representatives of the estate.

The complaint alleges that the executors wrongfully paid said $14,000 note, that such payment was induced by the fraud, collusion, and conspiracy of the officers of the bank with J. B. Hensley, the managing and controlling executor, who had been cashier of said bank and as such had embezzled large sums of the bank's money. The complaint alleges:

"That the said bank, in this conspiracy to take the property of the distributees and heirs at law of the said B. S. Hensley, and in the execution of said conspiracy so entered into with James B. Hensley, took property of the estate of B. S. Hensley of which the said bank then had possession and control in connection with the said James B. Hensley which was of at least the value of $20,000, but which amounts and values were arbitrarily fixed by the said bank at $12,710.08, well knowing at the time that the plaintiffs and other children of B. S. Hensley were the owners of and entitled to said property. This amount arbitrarily

fixed by the said bank as the value of the property converted, which property these plaintiffs allege consisted of notes, bank stocks, other commercial paper and other personal property and lands, were incorrect and were of much greater value than that allowed by the said bank as hereinafter alleged; that James B. Hensley and Molton Hensley have been made parties defendant herein as executors for the reason that the plaintiffs are advised and believe that this action cannot be maintained against the defendant, the Citizens Bank of Burnsville, in the absence of such executors, and not for the reason that plaintiffs are asking any judgment against said defendant's executors."

It is thus seen that this action is brought against the bank to recover a large sum of money alleged to have been obtained from the executors illegally. The plaintiffs are but following the funds and property to which they aver they are entitled and which have been turned over to the bank in violation of their rights. The judgment in the proceeding in the Superior Court of Yancey County above referred to can in no way affect the determination of this action. The causes of action are not the same and the bank is no party to that proceeding. *Emery v. Chappel,* 148 N. C., 327; *Woody v. Jordan,* 69 N. C., 189; *Swepson v. Harvey,* 69 N. C., 387.

It is manifest that plaintiffs can have no relief against the defendant bank in the proceeding in Yancey. The Court erred in sustaining the plea.

Reversed.