J. W. LATHAM v. PASQUOTANK HIGHWAY COMMISSION, T. L. HIGGS, AND STATE HIGHWAY COMMISSION.

(Filed 28 February, 1923.)

**1. Pleadings—Demurrer—Speaking Demurrer.**

A demurrer to a complaint admits the matters therein alleged to be true, and denies that they are sufficient, thus accepted, to constitute a cause of action; and where a demurrer is dependent upon allegations therein, or attempts to sustain itself, it is bad as a "speaking demurrer."

**2. Same—Defenses—Government Agencies—State Highway Commission.**

A complaint which alleges that the defendant unlawfully entered upon its land, changed the flow of water, or caused it to stand thereon and to sob, soak, and sour the same, rendering it valueless for the purpose of cultivation and producing a crop, or for the uses for which it is adapted, is, in effect, an allegation of an unlawful trespass and the wrongful taking and detention of a part thereof; and where the defendants are a county highway and the State Highway Commission, and desire to avoid liability for the acts committed by them because done in behalf of the State, as its agents and employees, in constructing or maintaining a public highway, under the law, it should not be done by demurrer, but by way of answer, stating the facts.

**3. Same—Pleading Over—Courts.**

The demurrer of the highway commission to a complaint being bad as not sufficiently setting up their exclusion from liability on the ground of their employment as an agency for the State government in the construction and maintenance of the State's highways, and it also appearing that one in his individual capacity has been made a party defendant, the demurrer is overruled with permission given to the defendant to plead over, and set up their different defenses, as they may be advised.

APPEAL by plaintiff from *Connor, J.,* at January Term, 1923, of PASQUOTANK.

*George J. Spence for plaintiff.*
*Attorney-General Manning and Walter L. Cohoon for defendant State Highway Commission.*
*W. L. Small and J. C. B. Ehringhaus for Pasquotank Highway Commission and Higgs, defendants.*

WALKER, J.   This is in form and substance an action of trespass for unlawfully and wrongfully entering upon the plaintiff's land and injuring and damaging the same, and of unlawfully and wrongfully appropriating a part of the land to their own use.   That while thus in the unlawful possession of the said land defendants wrongfully and tortiously committed certain depredations thereon, which were greatly injurious to it.   That they changed the natural flow of the water on the land in

the ditches and caused water to accumulate and be dammed or retained thereon, and forced water from other lands in upon the plaintiff's tract of land, and caused the water thus unlawfully cast upon this land to sob, soak, and sour the same, and have further caused the water unlawfully thrown upon plaintiff's land to overflow the same so that the crops on it were destroyed and the land rendered valueless for the purpose of cultivating and producing crops upon it, or for being put to the uses for which it was adapted. We have expressed it in language somewhat different from that employed in the complaint, but with perfect accuracy, there being not the least deviation from the substance and legal effect of it all.

It is apparent that plaintiff has, and intended to allege, barely an unlawful trespass upon his land, and a wrongful taking and detention of a part thereof, and this being so, the questions raised and discussed in the case before us, and in the briefs, are not presented. If the defendants desired to raise solely those questions, as to their liability to be sued for acts committed by them in behalf of the State, as its agents or employees, in constructing or maintaining public highways, under the law, such questions as were raised and decided in *Moody v. State Prison,* 128 N. C., 12, and *Carpenter v. R. R.,* 184 N. C., 400, they should have filed an answer and set up the facts necessary to show more clearly and more in detail than they do in their demurrer, by what authority they were acting when they are alleged to have committed so serious a trespass upon and invasion of the plaintiff's land. It is not the office or function of a demurrer to allege facts, and upon that allegation to challenge the adversary's legal right, or the validity of his claim, which is called a "speaking demurrer," but its sole purpose is to take the facts as they are stated in the opposite pleading, or to admit the truth of its allegations, and then to question their sufficiency in law to authorize the granting of the relief demanded, if directed against a complaint, or the soundness of the defense if against an answer. But the statements in the complaint under construction here are not broad enough to include the defense which we suppose is intended to be raised, and it is not to be presumed that plaintiff would have made it so. Nor does the demurrer supply the necessary facts, nor should have been expected to do so, when confined to its proper office and scope.

We do not, therefore, pass upon the important questions discussed before us, or comment upon the cases and authorities cited by the respective parties, such as *Mason v. Durham,* 175 N. C., 638, and *Carpenter v. R. R.,* 184 N. C., 400, and *Moody v. State Prison,* 128 N. C., 12.

When the questions they discuss are fairly presented in the pleadings and record we will be called upon to consider them, but we cannot do so before they are before us for decision.

The demurrer will be overruled, but the defendant will be permitted to answer over.

We have not overlooked the fact that one of defendants, Mr. Higgs, is an individual, and if he wishes to protect himself from the consequences of the trespass, as it appears to be from the pleading as now drawn, he must specially plead and prove the facts exonerating him. Demurrer overruled.

Reversed.