EARLEEN J. SOUTHERLAND, ADMINISTRATRIX OF I. B. SOUTHERLAND,
DECEASED, v. J. A. HARRELL AND THE STANDARD OIL COMPANY
OF NEW JERSEY.

(Filed 24 May, 1933.)

Master and Servant F a: Pleadings D c—Jurisdiction of Industrial Commission must appear from face of complaint to be available on demurrer.

In an action by an administrator to recover for the wrongful death of his intestate, a plea to the jurisdiction of the court on the ground that the Industrial Commission had exclusive jurisdiction of the cause is in effect a demurrer to the complaint, C. S., 511.(1), and the facts appearing on the face of the complaint are determinative, and facts alleged in the plea may not be considered, and where it does not appear from the complaint that the defendant regularly employed more than five employees in this State, N. C. Code, 8081(u), the plea to the jurisdiction should be overruled.

APPEAL by plaintiff from *Cranmer, J.*, at August Term, 1932, of DUPLIN. Reversed.

This is an action to recover damages for the wrongful death of plaintiff's intestate. The action was begun in the Superior Court of Duplin County on 23 February, 1932, and was heard at the August Term, 1932, of said court, on the pleadings.

It is alleged in the complaint that at the date of his injuries and resulting death, to wit: 15 March, 1931, plaintiff's intestate was an employee of the defendant, the Standard Oil Company of New Jersey, and was engaged in the performance of his duties as such employee in this State; that said defendant is a corporation, with one of its principal offices in the city of Charlotte in this State; and that the death of plaintiff's intestate was caused by the negligence of said defendant in furnishing for his use a defective truck, and also by the negligence of the defendant, J. A. Harrell, an employee of his codefendant, who was superior in authority to plaintiff's intestate, in the operation of said truck. On the cause of action alleged in the complaint, plaintiff demands judgment that she recover of the defendants the sum of $50,000, as damages for the wrongful death of her intestate.

Both defendants in apt time filed pleas to the jurisdiction of the court, in which they alleged that at the date of the injuries and death of plaintiff's intestate, the defendant, the Standard Oil Company of New Jersey, had in its employment in this State more than five employees, and was, therefore, subject to the provisions of the North Carolina Workmen's Compensation Act, with respect to the matters and things alleged in the complaint as the cause of action on which plaintiff demands judgment in this action. Each defendant contended that the North Carolina Industrial Commission has exclusive jurisdiction of the

claim of plaintiff against the defendants on account of the death of her intestate, and that for this reason, the Superior Court of Duplin County has no jurisdiction of the cause of action alleged in the complaint. Both defendants demanded judgment that the action be dismissed. The pleas were sustained, and the action dismissed.

From judgment dismissing the action as to both defendants, plaintiff appealed to the Supreme Court.

*N. B. Boney, R. D. Johnson and J. T. Gresham, Jr., for plaintiff.*
*Rountree, Hackler & Rountree for defendant, the Standard Oil Company of New Jersey.*

CONNOR, J. The pleas to the jurisdiction of the court filed by the defendants in this action are, in effect, demurrers to the complaint on the ground that the Superior Court of Duplin County, in which the action was begun, has no jurisdiction of the subject-matter of the action. C. S., 511(1). They present, therefore, only the question as to whether upon the facts appearing on the face of the complaint, the court has jurisdiction of the cause of action alleged therein. *Roebuck v. Short,* 196 N. C., 61, 144 S. E., 515. No facts alleged in the pleas can be considered in determining the correct answer to the question of law presented by the defendants. In *Latham v. Highway Commission,* 185 N. C., 134, 116 S. E., 85, it is said: "It is not the office or function of a demurrer to allege facts, and upon that allegation to challenge the adversary's legal right, or the validity of his claim, which is called a 'speaking demurrer,' but its sole purpose is to take the facts as they are stated in the opposite pleading, or to admit the truth of its allegations, and then to question their sufficiency in law to authorize the granting of the relief demanded, if directed against a complaint, or the soundness of the defense, if against an answer."

The judgment dismissing the action is reversed on the authority of *Hanks v. Utilities Co., ante,* 155, 167 S. E., 560. In that case the judgment overruling the demurrer was affirmed. It is said in the opinion that "it does not appear upon the face of the complaint that the Workmen's Compensation Act applies to the defendant. C. S., 8081(u) provides in subsection (b) that the Workmen's Compensation Act does not apply to casual employees, 'nor to any person, firm, or private corporation that has regularly in service less than five employees in the said business within this State.' *Aycock v. Cooper,* 202 N. C., 500, 163 S. E., 569. The face of the complaint does not disclose that the defendant employs more than five men. A demurrer cannot be sustained unless the vitiating defect appears upon the face of the pleadings assailed. *Justice v. Sherard,* 197 N. C., 237, 148 S. E., 241."

Reversed.