### RENNIE P. JOHNS v. TILDEN B. STEVENSON.

#### (Filed 1 May, 1935.)

**Pleadings D c—**

> Where it does not appear upon the face of the complaint that the injury in suit was inflicted in another state, a demurrer upon the ground that the injury was inflicted in such other state and that under its laws plaintiff could not recover is properly overruled as a "speaking demurrer."

APPEAL by the defendant from order sustaining a demurrer made by *Harding, J.,* at February Special Term, 1934, of MECKLENBURG. Affirmed.

*J. Laurence Jones for defendant, appellant.*
*Jake F. Newell for plaintiff, appellee.*

PER CURIAM. This is an action by the plaintiff to recover damages for personal injuries alleged to have been proximately caused by the negligence of the defendant in the operation of an automobile owned by him and in which she was riding as an invited guest.

After filing answer, the defendant demurred *ore tenus* upon the ground that the complaint failed to state a cause of action for that the injuries alleged to have been suffered by the plaintiff were inflicted in the State of South Carolina, making the law of South Carolina applicable, and that the facts alleged did not state a cause of action under such law. A careful scrutiny of the complaint fails to reveal that it is anywhere therein alleged that the injuries were inflicted in the State of South Carolina, and hence the demurrer invokes a fact not appearing on the face of the complaint, and thereby becomes a "speaking demurrer," and for that reason was properly overruled. *Latham v. Highway Commission,* 185 N. C., 134.

Affirmed.