REBECCA C. NALL v. R. B. McCONNELL, FRANK B. COOK, GEORGE B. BENSEL, AND HENRY ROBERTSON.

(Filed 24 February, 1937.)

**1. Judgments §§ 16, 22—**

A judgment in a special proceeding rendered less than ten days after service of summons is irregular, C. S., 753, but not void, and the judgment may not be attacked collaterally, but only by motion in the cause.

**2. Mortgages § 13b—Judgment appointing substitute trustee entered less than ten days from service of summons is irregular but not void.**

Judgment appointing a substitute trustee entered less than ten days after service of summons upon the trustor is irregular, C. S., 753, but not void, and such irregularity will not support an action, instituted some four years after such substitution, to set aside the foreclosure sale conducted by the substitute trustee, the trustor's remedy to correct such irregularity being by motion in the cause and the right to complain being barred by laches.

**3. Judgments § 16: Process § 1—Summons in this proceeding for appointment of substitute trustee held to give trustor sufficient notice.**

A summons in a proceeding for the appointment of a substitute trustee which commands the trustor to appear and answer the petition of the *cestui que trust* and show cause why a trustee should not be appointed in the stead of the original trustee in the deed of trust referred to in the petition filed, *is held* to give full notice to the trustor and to sufficiently

comply with the statutory provision that the summons must state in substance that if defendant fails to answer plaintiff would apply to the court for the relief demanded in the complaint, N. C. Code, 476, the petition filed being accessible to the trustor if she desired more information, and the trustor's contention that the judgment appointing the substitute trustee was void for failure of the summons to give the requisite notice is untenable.

**4. Pleadings § 18—The question of real party in interest may not be presented by demurrer.**

Where, in an action attacking the validity of a foreclosure sale, defendants file answer alleging that the substitute trustee who conducted the sale was duly appointed by the clerk upon petition in a special proceeding in which plaintiff trustor was served with summons, plaintiff's demurrer to the answer on the ground that the alleged appointment of the substitute trustee was void for that the personal representative of the deceased original trustee was not served with summons, N. C. Code, 2578, 2583, is bad as a "speaking demurrer."

APPEAL by plaintiff from order made by *Harding, J.,* at August Term, 1936, of MACON. Order dated 3 September, 1936. Affirmed.

The allegations of the complaint are to the effect that the plaintiff Rebecca C. Nall purchased a piece of land, about 22 acres, from the defendant R. B. McConnell. She paid part of the purchase price and made notes secured by deed of trust to A. W. Horn, trustee, to secure the deferred payments on same. That all of said notes are paid except the sum of $500. That the land in controversy was sold by Henry G. Robertson, alleged substitute trustee, on 5 January, 1932, and purchased by defendant George B. Bensel.

The plaintiff alleged, in substance, in her complaint: "That the defendants Cook and McConnell led her to believe that she would have more time in which to pay the balance; that plaintiff then went to Washington City, where she remained for a number of months, and upon her return found that her land had been advertised and sold by Henry G. Robertson, calling himself substituted trustee, the defendant A. W. Horn having died some time prior to the sale, or attempted sale, of the land under the deed of trust; and the plaintiff brought this action to recover the land, and alleged, in substance, that no title passed by the advertisement and sale under the deed of trust by Robertson, and that this was a void sale, and all that the defendants are entitled to is the balance of the purchase money in the sum of $500.00, and the interest on this amount."

The defendants set up an answer (amended) at length, pleading, in substance: (1) Estoppel by judgment; (2) equitable estoppel *in pais.*

The following judgment was rendered in the court below: "This cause came on to be heard at August Term, 1936, of Macon Superior Court, before his Honor, W. F. Harding, Judge presiding, upon the demurrer *ore tenus* of the plaintiff to the defendants' amended answer, the grounds

of the demurrer *ore tenus* being set out and filed with the pleadings. After having heard read the pleadings in this action and argument of counsel, the court is of the opinion that the demurrer *ore tenus* should not be sustained. It is therefore ordered and adjudged by the court that the plaintiff's demurrer be and the same is hereby overruled.

W. F. HARDING,<br>
*Judge Presiding."*

To the foregoing order and ruling of the court below the plaintiff excepted, assigned error, and appealed to the Supreme Court.

*Moody & Moody for plaintiff.*
*Jones & Jones for defendants.*

CLARKSON, J. In *Blackmore v. Winders,* 144 N. C., 212 (215-16), we find: "It may be said that a complaint cannot be overthrown by a demurrer unless it be wholly insufficient. If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements, for, contrary to the common law rule, every reasonable intendment and presumption must be made in favor of the pleader. It must be fatally defective before it will be rejected as insufficient." N. C. Code, 1935 (Michie), sec. 535; *In re Trust Co.,* 207 N. C., 802. See *S. v. Mc-Canless,* 193 N. C., 200 (206); *Bowling v. Bank,* 209 N. C., 463 (469).

On this record, for the purpose of this demurrer, we will only consider the plea of estoppel by judgment. On this aspect the demurrer of plaintiff cannot be sustained. The plaintiff's demurrer is based on several grounds:

(1) That the judgment appointing a substitute trustee was void for the reason that the statutory time for the running of the summons was not given. We cannot so hold. The alleged defect in the summons served on plaintiff in the petition before the clerk, of G. R. McConnell, owner of the unpaid note, to have a substituted trustee for A. W. Horn, deceased, is not well taken by the plaintiff. The summons is full and plenary. The summons served on plaintiff gave full notice to her of the purpose of the proceedings, and also in it made reference "in the petition filed." N. C. Code, 1935 (Michie), sec. 753, latter part, is as follows: "And provided further, that the summons in special proceedings shall command the sheriff or other proper officer to summons the defendant, or defendants, to appear and answer the complaint of the plaintiff within ten (10) days after its service upon defendant or defendants in

lieu of thirty (30) days, as required in civil actions." The summons was served on 11 November, 1930; the judgment was signed 17 November, 1930.

The case of *Stafford v. Gallops,* 123 N. C., 19, is a suit involving the appointment of a substitute trustee where the original trustee had died. In this case the summons was served on 11 December, and judgment was taken on 19 December, 1891, and the defendants took the position that the judgment was void, as they had not had the 10-day notice required. The Court said, at pp. 23-34: "When the time between service and the return day of the summons is less than the time allowed by the Code, the clerk is not bound to dismiss the action, but should allow the time allowed by the Code to the defendant for an appearance. *Guion v. Melvin,* 69 N. C., 242. The object of service of process is to advise the defendant of the plaintiff's action, and that he must appear at the time and place named and make his defense, and in default therein judgment will be prayed. If he attends, as he should, he can defend on the merits or have irregularities corrected. Failing in this does not affect the jurisdiction or judgment as long as it stands unreversed. A service of four days notice, when the law requires five, is sufficient to support a justice's judgment. *Ballinger v. Tarvell,* 85 Am. Dec., 527; 1 Freeman, *supra* (1 Freeman on Judgments, 4th Ed.), sec. 126. Applying these principles to the present case, his Honor committed error in excluding the judgment of the clerk appointing a trustee. That judgment, although irregular, is valid until reversed or vacated by a direct action, and cannot be collaterally attacked."

"If a judgment is irregular, the remedy is by a motion in the case made within a reasonable time; if erroneous, the remedy is by appeal." *Finger v. Smith,* 191 N. C., 818 (820).

(2) "That said judgment was void for the reason that the summons failed to contain a notice stating in substance that if the defendants failed to answer, the plaintiff would apply to the court for the relief demanded in the complaint."

We have heretofore said that the summons gave full notice to plaintiff—we copy same:

"State of North Carolina, Macon County—*In re* A. W. Horn, Trustee: State of North Carolina: To the sheriff or other lawful officer of Macon County, greetings: You are hereby commanded to summon Rebecca C. Nall to be and appear before the undersigned clerk Superior Court of Macon County, at his office in the courthouse in Franklin, N. C., on Monday, 17 November, 1930, then and there answer the petition of G. R. McConnell and show cause why a trustee should not be appointed in the place and stead of A. W. Horn, trustee, deceased, in a certain deed of trust dated 1 October, 1925, and referred to in the petition filed.

COUNCIL v. BANK.

This 10 November, 1930. Frank I. Murray, C. S. C.—A. W. Horn, Trustee. Rec'd 11 Nov., 1930. Served by delivering copy and reading notice, 11 November, 1930. C. I. Ingram, Sheriff—C. C. Potts, D.S."

N. C. Code, *supra*, sec. 476, in part, is as follows: "And must contain a notice stating in substance that if the defendant or defendants fail to answer the complaint within the time specified the plaintiff will apply to the court for the relief demanded in the complaint; and must be dated on the date of its issue."

We think the summons substantially complied with the statute. The plaintiff could readily understand what the summons meant; if she needed more information, she could have examined the "petition filed." *Id certum est quod certum reddi potest.* That is certain which can be made certain. 2 Bl. Comm., 143; 1 Bl. Comm., 78; 4 Kent Comm., 462; Broom Max., 624.

This notice was served on 11 November, 1930. This action was not brought until years afterwards—the date of the summons does not appear; in the record the stipulation of counsel is as follows: "That the summons and organization of the court be not copied in this record." The complaint is "verified 10 August, 1934."

(3) That said judgment was void for the reason that the personal representative of the deceased trustee was not made a party to the action brought for the purpose of appointing a substitute trustee." We are not unmindful of N. C. Code, *supra*, secs. 2578 and 2583. We think the contention of plaintiff sets forth a "speaking demurrer." The question of real party in interest may only be made by affirmative allegations. *Morrow v. Cline, ante,* 254. The plaintiff was *sui juris* and had full notice and opportunity to be heard. It is unfortunate for her, but she lost by her laches.

For the reasons given, the judgment must be

Affirmed.