J. W. MORROW, CARL MORROW, AND ITASCA MORROW, BY THEIR NEXT FRIEND, J. W. MORROW, v. FRANK CLINE AND SOUTHERN RAILWAY COMPANY.

(Filed 24 February, 1937.)

1. **Appeal and Error § 45f—On appeal from judgment overruling demurrer, sole question presented is sufficiency of complaint to state cause.**

   Upon appeal from judgment overruling a demurrer the sole question presented is whether the complaint states a cause of action in favor of plaintiffs against defendants, and whether the action should have been brought by another party is not necessary to be determined when the complaint does not allege facts disclosing that such other party had the sole or prior right to prosecute the action.

2. **Dead Bodies § 5—Minor children may maintain action for mutilation of dead body of their father.**

   Minor children have a right to maintain an action for the mutilation of the dead body of their father, and a demurrer to their complaint in such action on the ground that the complaint should allege facts showing that a widow with right to maintain the action did not survive, and that plaintiffs were all the children of deceased, is properly overruled, since it does

not appear from the face of the complaint that a widow having a prior right to maintain the action survived or that there were other children surviving deceased, the defense that plaintiffs are not the real parties in interest being new matter which may be taken advantage of only by positive allegations in the answer disclosing such defense.

3. **Pleadings § 18—Where complaint states cause in plaintiffs' favor, demurrer on ground that they are not real parties in interest is bad.**

Where the allegations of the complaint are sufficient to state a cause of action in favor of plaintiffs, the defense that another party had a prior right to maintain the action, or that there were others of the class having an equal right to sue who were not made parties, may not be taken advantage of by demurrer when the allegations of the complaint do not show such prior or coördinate right in other parties, such demurrer being bad as a "speaking demurrer," and in such instance the defense being available only by positive allegations in the answer disclosing such right of action in parties other than plaintiffs.

APPEAL by defendants from *Harding, J.,* at October-November Term, 1936, of SWAIN. Affirmed.

The allegations of the complaint, in part, are as follows: "That they are citizens and residents of Swain County, State of North Carolina, and that J. W. Morrow is the father of Robert Morrow, deceased, and Carl Morrow and Itasca Morrow are the minor children of the said Robert Morrow; that the said J. W. Morrow has been duly appointed by the clerk of the Superior Court of Swain County as next friend of the said Carl Morrow and Itasca Morrow. That the defendant Frank Cline, as plaintiffs are informed and believe, is a citizen and resident of Buncombe County, State of North Carolina; that the defendant Southern Railway Company is a corporation, owning and operating a line of railway from Asheville, North Carolina, to Murphy, North Carolina, and at the time of the grievance hereinafter complained of owned and operated said line of railway as aforesaid." Then specific allegation is made showing actionable negligence and damages for the mutilation of the body of Robert Morrow.

The defendants demurred to the complaint on several grounds. The demurrer as to the plaintiff J. W. Morrow, father of Robert Morrow, deceased, was sustained by the court below. He did not appeal.

The judgment of the court below is as follows: "This cause coming on to be heard, and being heard upon the demurrer of the defendants to the complaint, and the court being of the opinion, after hearing arguments of counsel for plaintiffs and defendants, that the demurrer should be sustained in so far as it alleges that J. W. Morrow is an improper and unnecessary party, but should be overruled in all other respects. It is therefore ordered and adjudged by the court that J. W. Morrow, personally, be stricken from the record as a party to the action, and it is

further ordered and adjudged that the demurrer in all other respects be and the same is hereby overruled and disallowed.

WM. F. HARDING,
*Judge Presiding."*

The defendants excepted and assigned as error: "That his Honor erred in overruling the demurrer filed by the defendants, and in signing the judgment."

*T. D. Bryson and T. D. Bryson, Jr., for plaintiffs.*
*R. C. Kelly and Jones & Ward for defendants.*

CLARKSON, J. The *first* question presented by defendants: "In an action for damages, where it is alleged a dead body has been mutilated, must the action be brought by the widow of deceased or by the minor children?"

The defendants demurred to the complaint of plaintiffs, so on this record it is not necessary to answer this question. The sole question on this record: Are the allegations in the complaint sufficient to sustain the action? We think so.

In *Stephenson v. Duke University,* 202 N. C., 624 (625), is the following: "This action was brought to recover damages for the mutilation or autopsy of the dead body of a child. The plaintiffs were the child's parents. The court adjudged in effect that the father may maintain the action and that the complaint does not state a cause of action in behalf of the mother. The plaintiffs appealed; the defendant did not appeal. We therefore treat as conceded the defendant's satisfaction with the judgment and its acquiescence in the conclusion that the action may be prosecuted by the male plaintiff, and that as to him the complaint states a cause of action. The right to bury the dead is generally treated as a *quasi*-right of property. *Floyd v. R. R.,* 167 N. C., 55. If the father has a right of action we need discuss neither the divergent views expressed in regard to the right of property in the dead body of a human being, nor the legal right of the proper person to prosecute a suit for its mutilation. In this State the right to maintain an action for such mutilation has been recognized for almost a third of a century. *Kyles v. R. R.,* 147 N. C., 394. The single question with which we are now concerned is whether upon the allegations in the complaint the *feme* plaintiff, the mother of the deceased child, has a cause of action. . . . (p. 628). Our conclusion is that the father's relation to the child and the consequent duties imposed upon him by the law, some of which have been enumerated, are of such character as to clothe him with a preferential right of action, and that the judgment should be affirmed." On demurrer by defendants in the court below, "The court sustained the

demurrer as to *feme* plaintiff's alleged cause of action and overruled it as to the cause stated by C. H. Stephenson." To this the plaintiff excepted and assigned error and appealed to the Supreme Court. The judgment of the court below was affirmed.

In *Bonaparte v. Funeral Home,* 206 N. C., 652, it is settled in this jurisdiction that a wife has the right to possession of the dead body of her husband and may recover punitive damages for its wrongful detention.

In the present case the demurrer against the plaintiff J. W. Morrow, father of the mutilated son, was sustained and he did not appeal. As the cause now stands, therefore, this is an action by two minor children of deceased in which they claim damages for the mutilation of the body of their father. J. W. Morrow has been duly appointed next friend of Carl Morrow and Itasca Morrow, and the complaint alleges that "Carl Morrow and Itasca Morrow are the minor children of the said Robt. Morrow."

The *second* question presented by defendant: "Should the complaint allege that the plaintiffs, children of the decedent, are the only children left by said decedent, and should it further allege that there was no widow who could bring the action at the time of the alleged mutilation?"

We think the allegations of the complaint, liberally construed, would imply that they are the only children left by decedent, Robert Morrow— a reasonable inference. This phase of the demurrer is too technical and attenuated. We do not think that it was necessary to allege that there was no widow who could bring the action at the time of the alleged mutilation. The defendants further contend: "If the action has to be brought by the widow, if she is alive, or not divorced, it is not necessary for the plaintiffs to allege and prove her death or divorce, and further allege that they are the only children of decedent, in order to maintain a cause of action? We think this is jurisdictional, and without an allegation of the kind the action cannot be maintained, and hence the demurrer should have been sustained *in toto.*" We cannot so hold. We think that this would be a "speaking demurrer."

McIntosh, N. C. Practice and Procedure in Civil Cases, part sec. 436, p. 447, lays down the following rule: "A speaking demurrer is one which, as a ground of objection, states facts which do not appear in the pleading to which the demurrer is filed. This is not a demurrer, and will not be considered by the court. It is not the function of a demurrer to allege facts, and thereby challenge the validity of the opponent's claim, but to admit the truth of the facts alleged and question their legal sufficiency."

It nowhere appears upon the face of the complaint that the deceased had a wife surviving him, or that if she did survive, that they had been

9—211

divorced, or that she had not abandoned him and separated herself from him. Nor does it appear that the deceased left surviving him children other than the plaintiffs Carl Morrow and Itasca Morrow; this is a matter of special defense and not by speaking demurrer. *Brick Co. v. Gentry,* 191 N. C., 642; *Justice v. Sherard,* 197 N. C., 237.

"The rule stated and applied in most of the cases is that the defense of the real party in interest may only be made by affirmative allegation by the defendant." Clark on Code Pleading, p. 136; *Willey v. Cameron Michel Co.,* 217 App. Div., 651, 217 N. Y. S., 248. Mr. Pomeroy says on this subject: "The defense that the plaintiff is not the real party in interest is new matter. A general averment, however, to that effect, is not enough; the facts must be stated which constitute the defense, and which show that he is not the real party in interest." Pomeroy Remedies and Remedial Rights (5th Ed.), sec. 587; Maxwell on Code Pleadings, pp. 66-7; Phillips Code Pleadings (2d Ed.), sec. 348, p. 379; *Phœnix Bank v. Donnell,* 40 N. Y., 410.

For the reasons given, the judgment of the court below is

Affirmed.