## JOHN M. McDOWELL v. BLYTHE BROTHERS COMPANY, INC.

(Filed 5 November, 1952.)

**1. Abatement and Revival § 5½—**

The pendency of a prior action between the same parties for the same cause of action in a State court of competent jurisdiction works an abatement of a subsequent action either in the same court or in another court of the State having jurisdiction.

**2. Abatement and Revival §§ 7, 8—**

An action is pending for the purpose of abating a subsequent action between the same parties for the same cause of action from the time of the issuance of the summons until its final determination by judgment.

**3. Abatement and Revival § 6—**

The pendency of a prior action between the same parties for the same cause of action may be taken advantage of by demurrer when the fact of such pendency appears on the face of the complaint, G.S. 1-127; but must be raised by answer when the fact of the pendency of the prior action does not appear on the face of the complaint. G.S. 1-133.

**4. Pleadings § 17c—**

A demurrer tests the legal sufficiency of the facts as alleged in the pleading challenged, and the demurrer may not incorporate a supposed fact not shown by the pleading for the purpose of attack. The allegation of fact in the demurrer constitutes it a "speaking demurrer."

**5. Abatement and Revival § 6—**

Where the complaint alleges that defendant had instituted another action against plaintiff in another county on the same cause of action, but specifically alleges that such other action was instituted "after this suit had been instituted," demurrer for pendency of the other action is properly denied, since it does not appear from the face of the complaint that such other action was first instituted, nor may the priority of such other action be established by facts alleged in the demurrer.

Appeal by defendant from *Moore, J.,* at July Term, 1952, of Randolph.

Demurrer to complaint on ground that it appears upon the face of the complaint that there is another action pending between the same parties for the same cause.

The facts are stated in the numbered paragraphs set forth below:

1. This is a civil action pending in the Superior Court of Randolph County in which the plaintiff, John M. McDowell, a resident of Randolph County, seeks to recover damages totaling $25,000.00 from the defendant, Blythe Brothers Company, Inc., a domestic corporation having its principal office in Mecklenburg County, for supposed breaches of contracts allegedly made between them.

2. The summons in the action was issued by the Clerk of the Superior Court of Randolph County on 15 January, 1952, and was served on the defendant by the Sheriff of Mecklenburg County on 17 January, 1952.

3. At the time of the issuance of the summons, the clerk entered two orders in the cause. The first order extended the time for filing the complaint to 4 February, 1952, and the second order commanded F. J. Blythe, Jr., an officer of the defendant corporation, to submit to an adverse examination at the hands of the plaintiff before a designated commissioner on 31 January, 1952. The orders were made by the clerk upon verified applications filed by the plaintiff, who asserted in some detail that the adverse examination was necessary to enable him to procure information requisite for preparing his complaint. The applications and the orders stated the nature and object of the action, and copies of them were delivered to the defendant at the time of the service of the summons.

4. It was not feasible to conduct the adverse examination of F. J. Blythe, Jr., on 31 January, 1952. As a consequence, Judge Susie Sharp, acting with the consent of both the plaintiff and the defendant, entered an order in the cause at the January Term, 1952, of the Superior Court of Randolph County, postponing the holding of the adverse examination until 25 February, 1952, and permitting the plaintiff to file his complaint in the action at any time within the twenty days next succeeding "the filing of the report of said examination by the commissioner."

5. Within the time specified in Judge Sharp's order, to wit, on 4 April, 1952, the plaintiff filed his complaint in the action. In addition to stating the plaintiff's cause of action against the defendant, the complaint sets forth the extraneous averment "that the defendant, in order to harass the plaintiff, instituted a suit in Mecklenburg County after this suit had been instituted about the identical matters and things in this complaint."

6. The Clerk of the Superior Court of Randolph County forthwith made an order directing the Sheriff of Mecklenburg County to serve a copy of the complaint on the defendant, and the Sheriff of Mecklenburg County made return to the clerk within ten days showing that he made such service on the defendant on 11 April, 1952.

7. The defendant thereupon filed this written demurrer: "The defendant demurs to the plaintiff's complaint and for cause of demurrer says, (that) an action was instituted in Mecklenburg County between these parties on the same date this action was instituted in Randolph County, and service was had on the plaintiff in this action in the cause pending in Mecklenburg County prior to service on the defendant in this action; that the complaint in this action was not filed until 4 April, 1952, and was not served on this defendant until 11 April, 1952; that said complaint sets forth the existence and pendency of a suit in Mecklenburg County; that the said action then and now pending in Mecklenburg County was

at issue prior to the filing of pleadings in this action and this suit is between the same parties and involves the same cause of action. Wherefore, the defendant prays that this action be dismissed."

8. Judge Dan K. Moore, who presided at the July Term, 1952, of the Superior Court of Randolph County, entered a judgment overruling the demurrer and granting defendant leave to answer. The defendant excepted and appealed, assigning the ruling on its demurrer as error.

*Ottway Burlon for plaintiff, appellee.*

*Cochran, McCleneghan & Miller and Miller & Moser for defendant, appellant.*

Ervin, J. The appeal presents the single question whether the presiding judge erred in overruling the demurrer interposed by the defendant on the ground that the complaint discloses upon its face that there is another action pending between the plaintiff and the defendant for the same cause within the purview of the statute codified as G.S. 1-127.

The pendency of a prior action between the same parties for the same cause in a State court of competent jurisdiction works an abatement of a subsequent action either in the same court or in another court of the State having like jurisdiction. *Cameron v. Cameron,* 235 N.C. 82, 68 S.E. 2d 796; *Seawell v. Purvis,* 232 N.C. 194, 59 S.E. 2d 572; *Brothers v. Bakeries,* 231 N.C. 428, 57 S.E. 2d 317; *Whitehurst v. Hinton,* 230 N.C. 16, 51 S.E. 2d 899; *Taylor v. Schaub,* 225 N.C. 134, 33 S.E. 2d 658; *Moore v. Moore,* 224 N.C. 552, 31 S.E. 2d 690; *O'Briant v. Bennett,* 213 N.C. 400, 196 S.E. 336; *Bowling v. Bank,* 209 N.C. 463, 184 S.E. 13; *Brown v. Polk,* 201 N.C. 375, 160 S.E. 357; *Bank v. Broadhurst,* 197 N.C. 365, 148 S.E. 452; *Underwood v. Dooley,* 197 N.C. 100, 147 S.E. 686, 64 A.L.R. 656; *Morrison v. Lewis,* 197 N.C. 79, 147 S.E. 729; *Crouse v. York,* 192 N.C. 824, 135 S.E. 451; *Bradshaw v. Bank,* 175 N.C. 21, 94 S.E. 674; *Carpenter v. Hanes,* 162 N.C. 46, 77 S.E. 1101; *Emry v. Chappell,* 148 N.C. 327, 62 S.E. 411; *Ridley v. Railroad,* 118 N.C. 996, 24 S.E. 730; *McNeill v. Currie,* 117 N.C. 341, 23 S.E. 216; *Long v. Jarratt,* 94 N.C. 443; *Redfearn v. Austin,* 88 N.C. 413; *Smith v. Moore,* 79 N.C. 82; *Gray v. A. & N. C. R. R. Co.,* 77 N.C. 299; *Claywell v. Sudderth,* 77 N.C. 287; *Sloan v. McDowell,* 75 N.C. 29; *Woody v. Jordan,* 69 N.C. 189; *Harris v. Johnson,* 65 N.C. 478; *Casey v. Harrison,* 13 N.C. 244. The law decrees that the second action is abated by the action which is first in point of time because the court can dispose of the entire controversy in the prior action and in consequence the subsequent action is wholly unnecessary. *Lineberger v. Gastonia,* 196 N.C. 445, 146 S.E. 79; 1 C.J.S., Abatement and Revival, section 33. An action is pending for the purpose of abating a subsequent action between the same parties for

McDowell v. Blythe Brothers Co.

the same cause from the time of the issuance of the summons until its final determination by judgment. *McFetters v. McFetters,* 219 N.C. 731, 14 S.E. 2d 833; *Atkinson v. Greene,* 197 N.C. 118, 147 S.E. 811; *Morrison v. Lewis, supra; Construction Co. v. Ice Co.,* 190 N.C. 580, 130 S.E. 165; *Pettigrew v. McCoin,* 165 N.C. 472, 81 S.E. 701, 52 L.R.A. (N.S.) 79.

Under the statute codified as G.S. 1-127, the defendant must take advantage of the pendency of a prior suit between the same parties for the same cause by demurrer when the fact of such pendency appears on the face of the complaint; and under the statute embodied in G.S. 1-133, the defendant must take advantage of the pendency of a prior suit between the same parties for the same cause by answer when the fact of such pendency does not appear on the face of the complaint. *Reece v. Reece,* 231 N.C. 321, 56 S.E. 2d 641; *Dwiggins v. Bus Co.,* 230 N.C. 234, 52 S.E. 2d 892; *Lumber Co. v. Wilson,* 222 N.C. 87, 21 S.E. 2d 893; *Thompson v. R. R.,* 216 N.C. 554, 6 S.E. 2d 38; *Johnson v. Smith,* 215 N.C. 322, 1 S.E. 2d 834; *Reed v. Mortgage Co.,* 207 N.C. 27, 175 S.E. 834; *Allen v. Salley,* 179 N.C. 147, 101 S.E. 545; *Cook v. Cook,* 159 N.C. 46, 74 S.E. 639, 40 L.R.A. (N.S.) 83, Ann. Cas. 1914A, 1137; *Emry v. Chappell, supra; Alexander v. Norwood,* 118 N.C. 381, 24 S.E. 119; *Curtis v. Piedmont Co.,* 109 N.C. 401, 13 S.E. 944; *Hawkins v. Hughes,* 87 N.C. 115; *Smith v. Moore, supra; Harris v. Johnson, supra; Rogers v. Holt,* 62 N.C. 108. The objection that a prior action is pending between the same parties for the same cause is waived unless it is raised in the mode appointed by law. G.S. 1-134; *Reece v. Reece, supra; S. v. Gant,* 201 N.C. 211, 159 S.E. 427; *Montague v. Brown,* 104 N.C. 161, 10 S.E. 186; *Blackwell v. Dibbrell,* 103 N.C. 270, 9 S.E. 192.

Since a demurrer is itself a critic, it ought to be free from imperfections. *Williams v. Seaboard Air Line Ry. Co.,* 165 Ga. 655, 141 S.E. 805. The only office of a demurrer is to test the legal sufficiency of the facts stated in the pleading of an adversary. In consequence, it is not permissible for a demurrant to incorporate in his demurrer facts not shown by the pleading challenged by the demurrer. Where a demurrer to a complaint invokes the aid of a supposed fact which does not appear in the complaint, it is a "speaking demurrer," and offends both the common law and code systems of pleading. The court will not consider the supposed fact introduced by the "speaking demurrer" in passing on the legal sufficiency of the facts alleged in the complaint. *Rhodes v. Asheville,* 230 N.C. 134, 52 S.E. 2d 371; *Nall v. McConnell,* 211 N.C. 258, 190 S.E. 210; *Morrow v. Cline,* 211 N.C. 254, 190 S.E. 207; *Ball v. Hendersonville,* 205 N.C. 414, 171 S.E. 622; *Southerland v. Harrell,* 204 N.C. 675, 169 S.E. 423; *Ellis v. Perley,* 200 N.C. 403, 157 S.E. 29; *Hamilton v. Rocky Mount,* 199 N.C. 504, 154 S.E. 844; *Reel v. Boyd,* 195 N.C.

273, 141 S.E. 891; *Brick Co. v. Gentry,* 191 N.C. 636, 132 S.E. 800; *Latham v. Highway Commission,* 185 N.C. 134, 116 S.E. 85; *Moody v. Wike,* 170 N.C. 541, 87 S.E. 350; *Wood v. Kincaid,* 144 N.C. 393, 57 S.E. 4; *Davison v. Gregory,* 132 N.C. 389, 43 S.E. 916; *Van Glahn v. De Rossett,* 76 N.C. 292; 71 C.J.S., Pleading, section 256.

The task of applying the relevant rules to the case at bar must now be performed. The demurrer under scrutiny is a "speaking demurrer," for it invokes the aid of supposed facts which do not appear in the complaint. When these supposed facts are disregarded and recourse is had to the complaint itself, it is plain that the only facts properly before the court having any pertinency to the legal question raised by the demurrer are those set out in the extraneous allegation "that the defendant, in order to harass the plaintiff, instituted a suit in Mecklenburg County after this suit had been instituted about the identical matters and things in this complaint."

While this allegation does state that this action and the Mecklenburg suit are between the same parties for the same cause, it does not aver that the Mecklenburg suit is the prior action. Indeed, it makes the diametrically opposite assertion that this action is the first one in point of time and that the Mecklenburg suit was brought "after this suit had been instituted." This being true, the judgment overruling the demurrer must be

Affirmed.