G. W. JUSTICE, FRED McBRAYER AND J. FOY JUSTICE, TRUSTEE, v. W. M. SHERARD, R. P. FREEZE AND F. A. BLY.

(Filed 22 May, 1929.)

1. **Pleadings D a—Demurrer will not be sustained if cause of action is sufficiently alleged.**

    A demurrer to a pleading on the ground that the complaint does not state a cause of action will not be sustained if its allegations are sufficient to state a good cause, and facts establishing its insufficiency may not be pleaded in the demurrer.

2. **Same—In this case held complaint alleged good cause of action.**

    Where the complaint alleges that a partner purchased a certain tract of land for the partnership, but in his own name for the convenience of the partnership, and the deed is taken in the name of the partner and the mortgage and notes for the purchase price are executed by him, a demurrer by the other partners on the ground that a cause of action is not stated by them is bad, since it may be shown that the transaction was a partnership undertaking and that the partnership was liable.

3. **Pleadings D c—Defenses may not be pleaded in demurrer.**

    Where the complaint alleges that a written contract in the name of one partner was in fact for the benefit of them all and a partnership act, and so recognized by them all, a demurrer on the grounds that it fell within

the meaning of the statute of frauds as being a promise to answer for the debt or default of another, or that the defendants were estopped by the written contract from showing parol matters contrary to its terms, is bad as a "speaking demurrer" and is properly overruled.

**4. Partnership D a—Where one partner executes obligation it may be shown that it was a partnership act.**

Where a partnership executes a contract to purchase a certain tract of land, and the agreement is executed in the name of one of the partners for the firm as a matter of convenience, and the deed made to him upon his execution of a mortgage and notes for the purchase price, it may be shown that the transaction was a partnership act and that the partnership was liable thereon.

APPEAL by defendants, R. P. Freeze and F. A. Bly, from *Schenck, J.*, at Chambers, in Hendersonville, 8 December, 1928. From HENDERSON. Affirmed.

The allegations of the complaint are to the effect that these defendants, together with the other defendant, W. M. Sherard, were conducting a real estate business in Henderson County, under the style of Bly, Freeze & Sherard, and as a part of said business were buying and selling lands; that on 26 September, 1925, the plaintiffs, G. W. Justice and Fred McBrayer, and defendants entered into a contract for the purchase by defendants of the lands described in the complaint that was executed by the defendants in their firm name; that the contract was consummated on 5 January, 1926, the defendants paying the cash payment, and at the request of all of the defendants the deed was executed by the plaintiffs to the defendant, W. M. Sherard, and that on said date the defendant, W. M. Sherard, executed the notes sued on, and also executed a deed of trust to the plaintiff, J. Foy Justice, trustee, on the lands purchased, to secure said notes; that thereafter said partnership made a payment of $150 on the first note due; that the appealing defendants were active in the purchase of said land and that at the time the notes and deed of trust were executed they represented that the land was being bought for the partnership; that the payment of the purchase price was a partnership obligation, but that as a matter of convenience in conveying the property, which the partnership was purchasing, the deeds were being taken in the name of defendant, Sherard, and that the notes and deed of trust were being executed by the defendant, Sherard, only as a matter of convenience; that the partnership was liable for the payment of the purchase price and that the notes and deed of trust were accepted by the plaintiffs, G. W. Justice and Fred McBrayer, with the distinct understanding and agreement that they were the obligation of the partnership and that all of the partners were liable thereon.

The defendants demurred to the allegations of the complaint on the following grounds:

"1. That the execution and delivery of the deed by the plaintiffs, Fred McBrayer and G. W. Justice, to W. M. Sherard, and the acceptance by said plaintiffs of the notes and deed in trust referred to in the complaint executed only by W. M. Sherard constitutes a written agreement between said G. W. Justice and Fred McBrayer and the defendant, W. M. Sherard, separate and apart and in lieu of the original written contract between said plaintiffs and the firm of Bly, Freeze & Sherard; and the said plaintiffs having accepted satisfaction of the original written agreement by conveying the land to E. M. Sherard and receiving his notes and deed in trust as representing the balance of the purchase price, are now estopped as a matter of law and have waived their legal right, if any they have, arising out of the original contract.

"2. That the alleged contract between G. W. Justice, Fred McBrayer and R. P. Freeze and F. A. Bly, was a promise to answer for the debt or default of W. M. Sherard, and was not in writing as required by the statute of frauds."

The court below rendered the following judgment: "This cause coming on to be heard before the undersigned, Michael Schenck, resident judge, and judge holding the courts of the Eighteenth Judicial District, at Chambers, in Hendersonville, North Carolina, on this, 8 December, 1928, upon the demurrer of R. P. Freeze and F. A. Bly, two of the defendants above named, both parties being represented by counsel, and the court being of the opinion that the demurrer should not be sustained: It is therefore ordered, adjudged and decreed, that said demurrer be, and the same is hereby overruled."

The defendants duly excepted, assigned error and appealed to the Supreme Court.

*Shipman & Arledge for plaintiff.*
*Ray & Redden, Ewbank, Whitmire & Weeks for defendants.*

CLARKSON, J. In *Pittsburgh Plate Glass Co. v. Hotel Corporation et al., ante,* at p. 12, the following principle is laid down and now reiterated: "A demurrer goes to the heart of a pleading and challenges the right of the pleader to maintain his position in any view of the matter, admitting, for the purpose, the truth of the allegations of fact contained therein," citing authorities.

In *Brick Co. v. Gentry,* 191 N. C., at p. 642, it is said: "A demurrer can be sustained, and it is only appropriate, when the defect or objection appears on the face of the pleading, as it is not the province of a demurrer to state objections not apparent on the face of the pleading to

which it is directed. A 'speaking demurrer,' as styled by the books, is one which invokes the aid of a fact, not appearing on the face of the complaint, in order to sustain itself, and is condemned, both by the common law and the Code system of pleading," citing authorities.

On demurrer we cannot anticipate what the answer will set forth and the law arising on all the facts relevant to the issues; we look only to the language and allegations of the complaint. On the present record a cause of action is alleged.

In *Poole v. Lewis*, 75 N. C., at p. 423, it is said: "If a vendor sells goods to a firm, and chooses to take the obligation of the purchasing parties, and waives his right to hold the firm liable, he may do so. But in such case it is necessary for the firm to prove that the vendor knew that the party was a member of the firm, and elected to give credit to the purchasing parties alone—in other words, to take the less instead of the greater security to which he was entitled." *Thornton v. Lambeth*, 103 N. C., 86; see *Supply Co. v. Windley*, 176 N. C., 18.

20 R. C. L., at p. 941 (Partnership), sec. 161, in part, is as follows: "Where a note or bond of one of the partners is taken for an antecedent partnership debt, it may be considered either as payment and extinguishment of such debt, or only as collateral security, according to the nature of the transaction and circumstances attending it." See 20 R. C. L., p. 859, sec. 66.

The defendants present in their demurrer and brief questions that we do not now consider. The judgment of the court below is

Affirmed.