SEWARD L. HUME, APPELLANT
FROM DECREE OF JUDGE OF PROBATE.

Washington.     Opinion July 16, 1931.

*L. D. Lamond,*
*R. J. McGarrigle,* for plaintiff.
*J. C. McCart,*
*O. H. Dunbar,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

BARNES, J.   This case comes from the Supreme Court of Pro-
bate, upon exceptions to a decree dismissing appellant's petition
for annulment of allowance of a probate account.

In 1924, upon the death of William S. Hume, the partnership
of S. B. Hume & Son was dissolved, and Charles W. Hume was duly
authorized to administer and close its affairs as surviving partner.

In the following year, and before administration was complete,
Charles W. Hume died, and Edwin B. Jonah, defendant here, and
one George S. Hume were appointed administrators of the partner-
ship estate. In 1929 George S. Hume died and administration was
taken out in his estate; Mr. Jonah proceeding with the administra-
tion of the partnership.

Among the heirs at law of the deceased Charles W. Hume is
Seward L. Hume, the present plaintiff. July 8, 1930, the first and
final account of Mr. Jonah, the survivor of the administrators of
the estate of the partnership, was allowed; and on November 10
of that year, plaintiff, as an heir at law and next of kin of said
Charles W. Hume, filed a petition in the Probate Court, praying
for an annulment and reversal of the decree allowing the account
of the partnership estate, alleging as reasons for the desired action
that there were certain errors and mistakes in such account, and
that he has a pecuniary interest in the account which is diminished
to his detriment because of the errors therein, so that he is ag-
grieved by the allowance thereof.

This petition was dismissed at the Probate Court held in De-
cember, 1930, and subsequently plaintiff's appeal from the decree
of dismissal was likewise dismissed in the Superior Court. From the
latter the case comes up to this court, upon exceptions to the de-
cree dismissing the petition.

Plaintiff argues that the dismissal was an error in law, because
he says that he is a person aggrieved, to whom right of appeal is
given by Sec. 31, Chap. 75, R. S., from denial of his petition, and,
secondly that he is an heir, and hence may require the administra-
tor to render an account.

Plaintiff has a direct and enforceable interest in the estate of Charles W. Hume, a former member of the partnership.

Defendant, as survivor of the administrators of the partnership estate is charged with the duty of rendering a true account of his receipts and disbursements as administrator and of distributing the surplus of the estate in his hand, if any, according to law.

But, until he shall have performed his full duty, or have been regularly superseded, the administrator of the estate of the late Charles W. Hume is the only party who has access to the court of probate to require of the survivor of the administrators of the partnership estate any accounting.

"Ordinarily the widow and legatees of a deceased partner cannot act directly against the surviving partners but must compel the executor or administrator to act for them." 20 R. C. L., 1004, par. 242; *Valentine* v. *Wysor*, 123 Ind., 47, 23 N. E., 1076, 7 L. R. A., 788.

The remedy of such is to compel the representative of decedent to account or have him removed. *Harrison* v. *Righter*, 11 N. J. Eq., 389; *Walling* v. *Burgess* (Ind.), 7 L. R. A., 481, and note.

Exceptional cases arise, and relief is provided where fraud is proved, or collusion between the representatives. Such conditions are not alleged here.

It is not to be assumed that the administrator, upon whom is the immediate liability of accounting, is so neglectful of his own interest as to fail to appeal in proper cases. *Woodbury* v. *Hammond*, 54 Me., 332.

The administrator of the decedent has, until his service is ended, the only direct interest that authorizes appeal. *Tuxbury's Appeal*, 67 Me., 267.

*Exceptions overruled.*
*Decree below affirmed.*