ROSA ALLEN v. AMERICAN COTTON MILLS, INCORPORATED.

(Filed 20 June, 1934.)

**Master and Servant F a: Pleadings D c—Jurisdiction of Industrial Commission must appear from complaint to be available on demurrer.**

Where in an action at common law by an employee against an employer it does not appear from the face of the complaint that defendant employed more than five employees in its business, a demurrer upon the ground that the plaintiff's exclusive remedy was under the Compensation Act is properly overruled. N. C. Code, 8081(u).

SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Stack, J.,* at March Term, 1934, of GASTON.

This is an action for damages for personal injury. Plaintiff alleged that the defendant was the owner of a village in fee "and that it

maintained said village in connection with and for the convenience of itself in carrying out its schedule of manufacture and that it maintained same for such purposes for the convenience of its employees for ingress, egress and regress to and from its manufacturing plant, and that at the specific time of the injury to the plaintiff herein had through its vice principal specifically invited this plaintiff to go and was being at said time directed as to just where she should walk at said time." Plaintiff further alleged that the defendant upon its said premises and through said village maintained a pathway for the use of employees and had permitted the town of Bessemer City to construct an unguarded and unlighted manhole in or near the edge of said pathway and had negligently permitted iron stakes to be driven about said manhole in such close proximity to the pathway as to render the same "extremely dangerous." Plaintiff further alleged that at about 12:15 a.m., "while the plaintiff was being escorted along said pathway by one Roy Phillips, vice principal of defendant, while in the discharge of his duties under his employment with the defendant, . . . following a long and well established custom of waking and starting the employees to work at the hour of about 12:15 Sunday night, and was specifically directed by said Roy Phillips and invited to follow said pathway at said time . . . suddenly came upon said manhole, stumbling into said stake and inflicting injuries." These injuries so inflicted were alleged to be serious and permanent.

The defendant demurred to the complaint, alleging "that it is a presumption that the plaintiff and the defendant have accepted the provisions of the Workmen's Compensation Act and are bound by the same. . . . That the rights and remedies provided by said Workmen's Compensation Act are exclusive, . . . and the present action is not one of the remedies provided by said act, and the plaintiff cannot maintain the same." It was further stated in the demurrer that "it does not affirmatively appear from the complaint that the defendant employed over twenty-five laborers in its mill or factory, or that any number of employees or laborers are employed therein," etc.

The trial judge overruled the demurrer and the defendant appealed.

*J. L. Hamme and S. J. Durham for plaintiff.*
*A. C. Jones and P. C. Froneberger for defendant.*

BROGDEN, J. The demurrer was properly overruled. The identical point involved in this case was decided in *Hanks v. Utilities Co.*, 204 N. C., 155. The Court said: "However, the demurrer was properly overruled. It does not appear upon the face of the complaint that the Workmen's Compensation Act applies to the defendant. C. S., 8081(u),

23—206

provides in subsection (b) that the Workmen's Compensation Act does not apply to casual employees, 'nor to any person, firm or private corporation that has regularly in service less than five employees in the said business within this State,' etc. *Aycock v. Cooper,* 202 N. C., 500, 163 S. E., 569. The face of the complaint does not disclose that the defendant employs more than five men. A demurrer cannot be sustained unless the vitiating defect appears upon the face of the pleadings assailed. *Justice v. Sherard,* 197 N. C., 237, 148 S. E., 241."

The briefs debate the question as to whether the plaintiff was injured in the course of her employment. If the Workmen's Compensation Act applies, that question must be determined in the first instance by the Industrial Commission. See *Thompson v. Funeral Home,* 205 N. C., 801.

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.