The judgment will be affirmed for the reasons stated in the opinion (not reported) filed in the Chancery Division by Judge Haneman, as follows: *Page 383 
"Plaintiff claims to be the owner of a one-half undivided interest in four parcels of real estate in the Borough of Swedesboro, Gloucester County, New Jersey, and she seeks partition thereof. Defendants deny plaintiff's claim of title and assert that the lands were a part of the assets of a partnership composed of plaintiff and defendants' decedent, and that the realty must, in law, be treated as personalty.
"In the year 1915, two brothers, George Hannold and William H. Hannold, Jr., became the record owners of the real estate in question, as tenants in common, and they used the land in the undertaking and embalming business which they conducted in Swedesboro under the name of William H. Hannold and Sons. George died in 1928. By his will all of his estate was devised to his widow, Irene S. Hannold.
"On October 7, 1937, Irene S. Hannold and her brother-in-law, William H. Hannold, Jr., entered into an agreement respecting the partnership business and the real estate herein. Title to the land was never conveyed to the partnership. William H. Hannold, Jr., died testate on March 21, 1946. His widow and children, devisees under his will, are the defendants. William H. Hannold's executors are not parties. The agreement does not make it clear whether the parties intended to treat the realty as partnership property or whether they intended to treat it as belonging to the two contracting parties in their individual capacities. There is something to be said for both points of view. By their own conduct, however, it may be said that plaintiff and her brother-in-law placed their own construction upon the agreement with respect to the real estate, since it appears that the annual profit and loss statements of their partnership business, and the annual income tax reports of the partnership took into account depreciation and expenses on all of these parcels. This agreement also provides that neither the partnership business nor the real estate shall be sold until the expiration of two years from the date of death of a partner.
"The defendants argue that plaintiff herein, as the surviving partner of the business conducted by her and her brother-in-law, has the right to wind up the partnership affairs, R.S. *Page 384 
42:1-37, and that this right includes the power to sell assets, all of the assets, including real estate, and make disposition of the proceeds of the sale, after payment of debts, as personal property. R.S. 42:1-26 declares that
"a partner's interest in the partnership is his share of the profits and surplus, and the same is personal property."
"In the view that I take of this case, it will not be necessary to make a specific finding as to whether or not the real estate involved herein was partnership property. In any case, land is regarded as personalty only so long as a necessity therefor exists. After payment of all partnership debts, land belonging to the partnership will, upon the death of a partner, descend to such partner's heirs. Campbell v. Campbell, 30 N.J. Eq. 415;Craighead v. Pike, 58 N.J. Eq. 15, 22; Flint v. Flint,87 N.J. Eq. 560.
"I should note in passing that the instant proceeding was instituted prior to the expiration of the two year period specifically provided for in the agreement of October 7, 1937. Strictly speaking, that may have been a premature move. However, the two year period has long since expired and when the suit was filed the time had so nearly run out that no sale could reasonably have been effected within the prohibited period. No timely objection was made on that ground and I do not think that ground of attack should prevail on this final hearing.
"The condition of the affairs of this partnership are not in dispute. The assets amount to over $32,000, nearly all cash. The only debt is, or was, a payroll item of $190. In these circumstances, the plaintiff is entitled to partition of the land described in the amended complaint." *Page 385