MARY A. EWING AND AURIE A. COOMER v. DAISY CALDWELL.

(Filed 2 November, 1955.)

**1. Partnership § 1c—**

Under the Uniform Partnership Act, G.S. 59-31 *et seq.*, each partner is co-owner with the other partners of the specific partnership property as a tenant in partnership, and each has an interest in the partnership and the right to participate in the management. Whether the record title to realty owned by the partnership is in the name of one partner, rather than the names of all, makes no difference unless innocent third parties are affected.

**2. Partnership § 10—**

Upon the death of a partner, his right in specific partnership property vests in the surviving partner or partners for partnership purposes, and the interest of the deceased partner in the partnership is his share of the profits and surplus, which is personalty. G.S. 59-56.

**3. Same: Partnership § 13: Executors and Administrators § 9½—**

Upon the death of a partner, the surviving partner or partners are required to give bond, G.S. 59-74, and, together with the personal representative of the deceased partner, to make a full and complete inventory of the partnership's liabilities and assets, including real estate, G.S. 59-76, with the exclusive right in the personal representative to require a true accounting either by the surviving partner or partners or by a receiver under court supervision. G.S. 59-75, G.S. 59-76, G.S. 59-73, G.S. 59-70.

**4. Same—Only personal representative of deceased partner may sue for accounting of the partnership.**

This action was instituted by the beneficiaries under the will of a deceased partner against the surviving partner to have a deed to partnership realty executed by testatrix to the surviving partner declared in equity a mortgage, and for an accounting of the partnership property. The allegations were to the effect that the partnership continued up until the death of testatrix. *Held:* The personal representative of the deceased partner not being a party to the action, the demurrer of the surviving partner should have been sustained both for failure of the complaint to state facts sufficient to constitute a cause of action and for defect of parties plaintiff. G.S. 1-127.

APPEAL by defendant from *Sink, Emergency Judge,* April Term, 1955, of MITCHELL.

This appeal is from an order overruling defendant's demurrer to the complaint.

The allegations of the complaint may be summarized as follows:

1. Martha Armstrong died 14 November, 1954, testate; and, with the exception of a $100.00 legacy, plaintiffs, sisters of Martha Armstrong, are the only beneficiaries under her will.

2. In 1938 Martha Armstrong and Daisy Caldwell, defendant herein, formed a partnership, which purchased real estate in Mitchell County, North Carolina. Conveyance was made to them, in their individual names, by deed of 27 April, 1938. Tourist cottages were erected thereon and equipped with furnishings. Each partner owned a one-half interest in the property. Under their partnership agreement, Martha Armstrong, from 1938 to 1947, devoted all of her time to the partnership business, to wit, the operation of said tourist cottages, without the assistance of Daisy Caldwell. During this period (1938-1947) Daisy Caldwell was gainfully employed outside of Mitchell County. In 1947 Daisy Caldwell joined Martha Armstrong at Spruce Pine, North Carolina, "and

thereafter said partners jointly carried on the operation of said tourist cottages."

3. From 1938 to 1950 each of the partners had made considerable investments in said property in cash. Martha Armstrong, in addition to her investments of money, had spent twelve years of her life in the interests of said partnership. Daisy Caldwell, having a separate salary income during the years 1938-1947, was able to invest more actual money in the partnership than Martha Armstrong.

4. By deed dated 10 June, 1950, Martha Armstrong executed and delivered to Daisy Caldwell a deed for a one-half undivided interest in the partnership real estate acquired by them under said deed of 27 April, 1938, being the real estate on which the tourist cottages had been erected, which deed contained this provision: "EXCEPTING AND RESERVING HOWEVER, unto the party of the first part herein, a life estate in the hereinabove described lands and premises."

5. By (another) deed dated 10 June, 1950, Daisy Caldwell conveyed to Martha Armstrong a life estate in a one-half undivided interest in the identical real estate.

6. As of 10 June, 1950, Daisy Caldwell claimed to have invested approximately $10,417.18 more money in said partnership property than Martha Armstrong, not taking into consideration all of the services which Martha Armstrong had performed for the partnership for a period of twelve years; and prior to 10 June, 1950, Daisy Caldwell advised Martha Armstrong that she wanted some protection or security for the amount which she had invested in the partnership property in cash in excess of money invested in the property by Martha Armstrong.

7. Martha Armstrong was 73 years of age and in ill health. Daisy Caldwell was much younger. Daisy Caldwell, a person of superior business experience in whom Martha Armstrong placed confidence, exercised undue influence upon Martha Armstrong, taking advantage of her ignorance in such matters, and caused Martha Armstrong to execute what was in fact the deed of 10 June, 1950, upon the representation, relied on by Martha Armstrong, that the instrument was a mortgage given solely as security for $10,417.18.

Plaintiffs alleged that they were entitled to have the deed declared a mortgage, with right of redemption, and further to an accounting "for the purpose of determining the amount of indebtedness due Daisy Caldwell and the amount of indebtedness due the estate of Martha Armstrong, . . ."

Defendant demurred on these grounds: (1) Lack of jurisdiction to compel defendant to account to plaintiffs; (2) defect of parties plaintiff, the executor of Martha Armstrong's will not being a party; (3) misjoinder; (4) failure to state facts sufficient to constitute a cause of action.

From the order overruling demurrer, defendant excepted and appealed, assigning error.

*Fouts & Watson for plaintiffs, appellees.*

*McBee & McBee, G. D. Bailey, and W. E. Anglin for defendant, appellant.*

BOBBITT, J.   It is not alleged that the deed of 10 June, 1950, from Martha Armstrong to Daisy Caldwell, is void.   The allegation made is that Martha Armstrong "understood" that she was conveying her one-half interest in the realty of the partnership as security, it being "the actual intent of Martha Armstrong to secure the investment of $10,-417.18 of Daisy Caldwell."

In the absence of allegation that the partnership was dissolved and a settlement between the partners made on 10 June, 1950, the inference is permissible, if not compelling, that the partnership continued until the death of Martha Armstrong and that said real estate remained the principal asset in the continuing conduct of the partnership business.

The impression prevails that plaintiffs have alleged in effect that the transaction of 10 June, 1950, resulted in nothing more than a reduction to certainty as of 10 June, 1950, the amount of the excess of Daisy Caldwell's investment over Martha Armstrong's investment and the giving of such security therefor as would be afforded by the conveyance of Martha Armstrong's one-half interest in the realty.   This impression is fortified by the allegation, quoted above, wherein plaintiffs demand an accounting.   Too, plaintiffs allege that "Daisy Caldwell joined Martha Armstrong at Spruce Pine, North Carolina, and *thereafter* said partners jointly carried on the operation of said tourist cottages." (Italics added.)   It is further noted that there is no allegation as to what agreement, if any, was made as to the due date of the $10,417.18 for which the instrument is alleged to constitute security.

It is noted that, unless innocent third parties are affected, it makes no difference that the legal (record) title to real estate owned by a partnership is in the name of one partner rather than in the names of all.   40 Am. Jur., Partnership sec. 103; *Justice v. Sherard,* 197 N.C. 237, 148 S.E. 241; *Young v. Cooper,* 30 Tenn. App. 55, 203 S.W. 2d 376.

The allegations require that we consider the complaint in relation to a partnership owning the realty herein involved, subsisting until the death of Martha Armstrong.

If the partnership subsisted until then, the death of Martha Armstrong caused its dissolution.   G.S. 59-61 (4).   In such case, the surviving partner, Daisy Caldwell, had the right and duty to wind up the partnership affairs.   *In re Estate of Johnson,* 232 N.C. 60, 59 S.E. 2d

223. As surviving partner, she was required to give bond conditioned upon the faithful performance of her duties in the settlement of the partnership affairs, G.S. 59-74; and, together with *the personal representative* of Martha Armstrong, to make a full and complete inventory of the assets of the partnership, *including real estate,* together with the debts and liabilities thereof, a copy to be retained by her and a copy to be furnished to *the personal representative* of Martha Armstrong. G.S. 59-76.

As surviving partner, she was required, within the time prescribed, to file her account with the clerk, and "come to a settlement with *the executor or administrator* of the deceased partner." G.S. 59-82. (Italics added.)

Upon failure of the surviving partner to comply with the statutory requirement as to bond, the clerk, upon application of any person interested in the estate of the deceased partner, is required to appoint a collector of the partnership, G.S. 59-75; and, if the surviving partner fails to make the required inventory or refuses to allow *the personal representative* of the deceased partner's estate to do so, such *personal representative* of the deceased partner's estate may forthwith apply to a court of competent jurisdiction for the appointment of a receiver for such partnership, who shall thereupon proceed to wind up the same and dispose of the assets in accordance with law. G.S. 59-77. Notwithstanding the aforesaid rights of the surviving partner, any partner, his legal representative or his assignee, upon cause shown, "may obtain winding up by the court." G.S. 59-67.

"The right to an account of his interest shall accrue to any partner, or his *legal representative,* as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary." G.S. 59-73. (Italics added.)

The partnership property is to be applied to discharge its liabilities and the surplus to the payment *in cash* of the net amount owing to the respective partners. G.S. 59-68 (1). The rules for settlement of accounts between partners after dissolution are defined. G.S. 59-70.

Prior to the adoption of the Uniform Partnership Act (1941), G.S. 59-31 *et seq.,* the title to personal property owned by a partnership vested at once in the surviving partner, but this Court, in accord with *Shearer v. Shearer,* 98 Mass. 107, held that the interest of a deceased partner in real property owned by a partnership descended to his heir, subject to the right of the surviving partner to have such property applied, if necessary, to the payment of partnership debts and the settlement of accounts between the partners. *Sherrod v. Mayo,* 156 N.C. 144, 72 S.E. 216, and cases cited. See: *Mendenhall v. Benbow,* 84 N.C. 650.

But a radical change in this respect was made by the Uniform Partnership Act. Thereunder, "the property rights of a partner are (1) his rights in specific partnership property, (2) his interest in the partnership, and (3) his right to participate in the management." G.S. 59-54. As to specific partnership property, a partner is co-owner with his partners, "holding as a tenant in partnership." G.S. 59-55 (1). Thus, a new kind of estate, "tenancy in partnership," was created. *Goldberg v. Goldberg*, 375 Pa. 78, 99 A. 2d 474, 39 A.L.R. 2d 1359.

The incidents of this tenancy are defined. G.S. 59-55 (2). These include provisions that a partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership; that when partnership property is attached for a partnership debt no partner or the representatives of a deceased partner can claim any right under the homestead or exemption laws; that a partner's right in specific partnership property is not subject to dower, curtesy, or allowances to widows, heirs, or next of kin; and, directly pertinent here, that "on the death of a partner his right in specific partnership property vests in the surviving partner or partners, . . ."— for partnership purposes. G.S. 59-55 (2) (c) (d) (e). "A partner's interest in the partnership is his share of the profits and surplus, *and the same is personal property*." G.S. 59-56. (Italics added.)

Dr. William Draper Lewis, the draftsman of the Uniform Partnership Act, has pointed out clearly the reasons for adoption of the English rule, to wit, that a partner's interest in the partnership is personal property, irrespective of the physical character of the property of the partnership, rather than the rule of *Shearer v. Shearer, supra*. 24 Yale Law Journal, pp. 637-638.

The deceased partner's interest being personal property, the statute requires the surviving partner to make settlement with *the personal representative* of the deceased partner; and there is placed upon *the personal representative* of the deceased partner the duty to require that a true accounting be made either by the surviving partner or by a receiver under court supervision. This is in accord with G.S. 28-172, which provides: "Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as hereinafter provided, shall survive to and against the executor, administrator or collector of his estate."

The conclusion reached is that the right to sue for an accounting of the partnership assets and affairs vested exclusively in the personal representative of the deceased partner. *La Russo v. Paladino*, 109 N.Y.S. 2d 627; *S.c.*, 116 N.Y.S. 2d 617; *S.c.*, 139 N.Y.S. 367; *Stewart v. Wall*, 87 F. 2d 598; 40 Am. Jur., Partnership sec. 306; *Appeal of Hume*,

130 Me. 338, 155 A. 730. No special facts are alleged that would or might enable the plaintiffs, as devisees of Martha Armstrong, to maintain an action against the surviving partner for an accounting.

The plaintiffs having attempted to allege a cause of action for a partnership accounting, the demurrer should have been sustained for plaintiffs' failure to allege facts sufficient to state such cause of action and, the personal representative not being a party plaintiff, for defect of parties plaintiff. G.S. 1-127.

If the realty was not partnership property, and Martha Armstrong individually owned an interest therein at the time of her death, different questions would arise. However, it is not appropriate that we consider whether plaintiffs could maintain a cause of action against defendant predicated upon allegations that the transaction of 10 June, 1950, was incident to the dissolution of the partnership and a final settlement between the partners, if such were the facts: Suffice it to say that such allegations do not appear in the complaint before us.

For reasons stated, the order overruling demurrer is
Reversed.