K. CLAYTON BRIGHT, ADMINISTRATOR OF JOHN P. LEATH, DECEASED, v. WOODROW W. WILLIAMS AND WIFE, BERTHA WILLIAMS, AND GEORGE A. GASH, ADMINISTRATOR OF THE ESTATE OF BEULAH MAE LEATH, DECEASED.

(Filed 20 March, 1957.)

**1. Appearance §§ 1, 2—**

Where a defendant served by publication and attachment files answer denying the material allegations of the complaint and moves to dismiss for want of valid service, G.S. 1-134.1, and thereafter plaintiff files an additional affidavit upon which an *alias* summons is issued and order of service by publication is entered, defendant's subsequent demurrer for failure of the complaint to state a cause of action, without attempting to protect and preserve his rights in regard to the second attachment and publication, constitutes a general appearance, giving the court jurisdiction.

**2. Partnership § 12—**

A complaint alleging the existence of a partnership, a conspiracy to deprive plaintiff partner of possession and control of the partnership assets pursuant to which defendant partner transferred all the partnership property to defendant transferee, and seeking a settlement and an accounting of the partnership affairs, *is held* to state a cause of action, and demurrer of defendant transferee is properly overruled, the allegations being sufficient predicate for the dissolution of the partnership, G.S. 59-62, entitling plaintiff to an accounting and proper application of all the partnership property.

**3. Same—**

The interest of the partners in the partnership properties is personal property even though part of the partnership property is real estate, G.S. 59-56. Hence the personal representatives of deceased partners are proper parties in an action for an accounting and proper application of the partnership property.

**4. Same—**

The transferee of partnership property pursuant to a conspiracy with one of the partners to wrongfully deprive the other partner of possession and control of the property, is a proper party to an action for the dissolution and proper application of the partnership property because of his wrongful possession and assertion of title to the partnership assets, and the fact that he happens to be an heir of the deceased tranferror is immaterial.

**5. Same: Executors and Administrators § 15a—**

Upon the death of one partner, the other partner is not relegated to a claim against the estate of the deceased partner, but may maintain an action against the personal representative to recover his share of the partnership assets as ascertained upon an accounting.

**6. Parties § 3: Partnership § 12—**

In an action by a partner for the dissolution of the partnership and for the proper application of the partnership assets, plaintiff partner may join as a defendant the transferee of the defendant partner upon allegation that the transfer was wrongful, in order to have the entire controversy settled in one action, G.S. 1-69, and plaintiff is not compelled first to bring an action to establish the fact of the existence of the partnership and then another action for an accounting.

APPEAL by defendant Woodrow Williams from *Clarkson, J.,* 19 November 1956 Civil Term of BUNCOMBE.

On 22 March 1956 John P. Leath procured a summons and warrant of attachment from the Superior Court of Buncombe County for Beulah Leath and defendants Williams. An order was made extending the time to file complaint. Defendants Williams are nonresidents. The summons and warrant of attachment were served on Mrs. Leath and Bertha Williams in March, and on Woodrow Williams on 17 April 1956. On 24 April 1956, pursuant to application and order, *alias* summons issued

for Woodrow Williams. It was that day returned unserved. Thereupon the court, on affidavit of plaintiff, ordered service by publication. Notice was published and mailed as required by statute.

The action is for an accounting and settlement of the partnership alleged to have existed between John P. Leath and Beulah Leath and to determine the title to real and personal property, assertedly partnership property wrongfully and fraudulently conveyed by Mrs. Leath to defendant Woodrow Williams.

Defendant Woodrow Williams, 16 May, filed an answer denying the material allegations of the complaint and, as authorized by G.S. 1-134.1, moved to dismiss for that the court was without jurisdiction of the person or property of defendant.

Beulah Leath died in April. The administrator of her estate was made a party defendant. On 20 June 1956 plaintiff filed an additional affidavit on which an *alias* warrant of attachment issued, and order for service of summons by publication on Woodrow Williams was entered. Pursuant to this order, notice of the summons and warrant of attachment was duly published and mailed as required by statute. Defendant Woodrow Williams has not specifically pleaded in response to the order and service of process of June 1956.

Plaintiff Leath having died, his administrator was made party plaintiff.

In November a hearing was had on the motion of Woodrow Williams to declare noneffective the service of process on him. Judge Clarkson found the facts and adjudged the court had jurisdiction of the properties attached and as to those properties, defendant was in court.

Defendant Woodrow Williams then demurred to the complaint for failure to state a cause of action. The demurrer was overruled. He excepted to the order overruling the demurrer and appealed from the order holding there had been service of process.

*William J. Cocke and Landon Roberts for plaintiff appellee.*
*Sanford W. Brown and Edward Jerome for defendant appellant.*

RODMAN, J. Defendant insists that his motion made with the answer filed in May should have been sustained for that the purported personal service on 17 April had no validity, *Green v. Chrismon*, 223 N.C. 724, 28 S.E. 2d 215, and that the order of 24 April for service by publication, having been made more than thirty-one days after the order for the attachment, likewise is ineffective. G.S. 1-440.7.

If it be conceded that neither defendant nor his property were subject to the jurisdiction of the court when he entered his special appearance and moved to dismiss in May, no objection has been taken or reason assigned to invalidate the attachment and service of process in June.

Judge Clarkson was correct in adjudging the court had jurisdiction of the property attached with authority to determine the rights of the parties thereto.

Following the hearing on the motion to dismiss, defendant Williams filed a demurrer. This was his first pleading or response to the process served by publication in June. The filing of the demurrer, without attempting to protect and preserve his rights as respects the attachment and publication of process in June, was a general appearance. *Motor Co. v. Reaves*, 184 N.C. 260, 114 S.E. 175. Hence he is subject to the jurisdiction of the court.

Notwithstanding his demurrer for failure to state a cause of action was overruled when in the Superior Court, defendant has demurred here for the same reason.

The complaint in brief alleges that plaintiff Leath and Mrs. Leath were, from April 1944 until her death, partners engaged in operating hotels and boarding houses; that the partnership owned a lot at 24 Grove Street, Asheville, hotel equipment consisting of stoves, kitchen equipment, dining room equipment, beds, mattresses, etc., cash amounting to $19,000, bank deposits in the amount of $6,000; that Mrs. Leath and the defendant Williams in 1956 entered into a conspiracy to defraud plaintiff of his rights in the partnership property and pursuant to said conspiracy the bank deposit and other personal property of the partnership had been transferred and delivered by Mrs. Leath to the defendant Williams; that she had conveyed to Williams the partnership real estate; that Mrs. Leath was, in February 1956, physically and mentally unable to perform her part of the partnership contract; that defendants Williams had wrongfully excluded plaintiff from possession and control of the partnership properties.

Plaintiff seeks an adjudication of title and right to possession of the real and personal properties conveyed by Mrs. Leath to defendants, a settlement and accounting of the partnership affairs, and distribution of the partnership properties to the partners in accord with their respective rights after the discharge of partnership obligations.

The demurrer admits the truth of the allegations. The partnership was dissolved, G.S. 59-62. Upon dissolution plaintiff was entitled to an accounting and appropriate application of all of the partnership property. *Casey v. Grantham*, 239 N.C. 121, 79 S.E. 2d 735.

The interest of John P. Leath and Beulah Leath in the partnership was personal property, even though part of the partnership assets was real estate. G.S. 59-56. Hence upon the death of the partners, their respective personal representatives were properly made parties to prosecute and defend on behalf of their intestates. *Ewing v. Caldwell*, 243 N.C. 18, 89 S.E. 2d 774.

Woodrow Williams is properly a party defendant, not because he happens to be the heir of Beulah Leath, but because of his wrongful possession and assertion of title to the partnership assets. The fact that he happens to be the heir of a deceased partner affords him no immunity. There is nothing in *Ewing v. Caldwell, supra,* that lends support to that argument.

Plaintiff is not, as defendant argues, limited to a claim against the estate of Mrs. Leath. He is entitled to his share of the partnership assets ascertained upon an accounting. Nor is plaintiff compelled to bring an action to establish the partnership (a fact admitted by the demurrer), and when that fact has been judicially declared, then another action for an accounting. He is entitled to have the entire controversy settled in one action. G.S. 1-69; *Bank v. Harris,* 84 N.C. 206; *Owen v. Hines,* 227 N.C. 236, 41 S.E. 2d 739.

The demurrer filed here is overruled. The judgment appealed from is Affirmed.