120 So.2d 15 (1960)
In re ESTATE of Abraham BINKOW Deceased.
Nos. 59-434, 477.
District Court of Appeal of Florida. Third District.
April 21, 1960.
Rehearing Denied May 17, 1960.
Tobias Simon, Miami, for appellant.
Evans, Mershon, Sawyer, Johnston & Simmons and Harold Tannen, Miami, for appellees.
MILLEDGE, STANLEY, Associate Judge.
The widow of Abraham Binkow, a resident of Dade County, Florida, who died intestate in June, 1957, elected to take dower and petitioned the county judges' court to assign her dower in all the assets of the estate. The court declined to assign dower in decedent's interest in two partnerships, both of which were engaged in the business of parking automobiles, and both of which owned land. One partnership was doing business in Detroit, Michigan, and one in Baltimore, Maryland. Both partnerships were subject to the Uniform Partnership Act, adopted both in Michigan and Maryland, Comp.Laws Mich. 1948, § 449.1 et seq., Code Md. 1957, art. 73A, § 1 et *16 seq. There was a written partnership agreement as to the Detroit business and the trial court found that a partnership existed as to the Baltimore business. The main asset of each partnership was realty. Pursuant to the terms of the Act and the written agreement, the partnerships were terminated. In Detroit, the surviving partners elected to continue the business and paid the estate for the decedent's 45% interest. The surviving partners sold the Baltimore business and paid the estate the decedent's 25% share of the net proceeds.
The county judges' court declined to assign dower in decedent's partnership interests and the widow appealed. Two of decedent's children who opposed the widow, both in the lower court and here, take the position that the partnerships terminated on decedent's death and since the partnership lands were not needed to pay partnership debts, the character of the partnership lands resumed their original status of realty and descended to the heirs subject to whatever dower rights the widow may have according to the laws of the states where the lands are situated. They say that a Florida court has no jurisdiction to assign dower in realty located in other states. The widow agrees with this last proposition, but says that by virtue of the Uniform Partnership Act, partnership realty is treated as personalty, not merely until the partnership business is wound up and its creditors paid, but for all purposes; that the conversion is "out and out." The deceased partner's interest being personalty, contends the widow, its situs is that of the owner, and since Florida, unlike Michigan, Maryland and most states, provides for dower in personalty, the widow is entitled to dower in these interests.
Both sides agree that whether the land owned by the partnership was, at decedent's death, realty or personalty is to be determined by the laws of Michigan and Maryland. Restatement Conflicts, § 208. The Uniform Partnership Act is applicable in both states. One provision is that "a partner's interest in the partnership is his share of the profits and surplus, and the same is personal property." This reverses what most courts in this country had decided was law. These holdings were that the portion of the land not required for partnership equities retains its character as realty, and leaves the laws of inheritance and descent to their ordinary operation. The Uniform Partnership Act, on the point under examination, virtually enacts what the English courts had decided long ago  that partnership realty is regarded as converted into personalty, not only for the operation and settlement of partnership affairs, but for all purposes, including that of determining that a deceased partner's interest passed to the personal representative as personalty.
Dr. William Draper Lewis, the draftsman of the Uniform Partnership Act, in 24 Yale L.J. 637, points out quite clearly the reason for this change and shows that out and out conversion facilitates partnership purposes. A lengthy quotation seems justified:
"Two other, though minor changes in the law, remain to be mentioned. Section 26 provides that a partner's interest in the partnership  that is, his share in the profits and surplus  is personal property. This provision reverses the rule as established by the Massachusetts case of Shearer v. Shearer, which has been followed in most American jurisdictions. Experience has shown that the English courts in regarding the interest of the partner in the partnership as personal property, irrespective of the physical character of the property of the partnership, proceeded along sound, and therefore, practical lines. Partnership property is subject to the payment of partnership debts. Partners in winding up partnership affairs have a right to realize on partnership real estate before they sell the personal property of the partnership, if they consider such prior sale of the real estate an advantage to the firm. The fundamental *17 trouble with the doctrine of Shearer v. Shearer is, that if the partnership agreement provides for the continuation of the business after the death of one of the partners, it is not possible to ascertain whether the real estate will or will not be sold for the payment of debts or to supply money for the carrying on of the business. Therefore, it may be impossible to determine whether the heir of the deceased partner inherits a fraction of the partner's interest in the partnership until several years after the death of his ancestor, and the ultimate determination depends, not on any principle of law or justice, but on the whim of the surviving partners. The provision of the Act which treats the interest of the deceased partner as personal property, makes for practical convenience as well as being in accord with the Section, heretofore referred to, which provides that every partner, on winding up, has a right to receive in cash the value of his interest in the firm."
In the absence of adjudicated cases, we would have no difficulty in holding that the Act means just what it says, and that a partner's interest in a partnership owning land, is personalty for all purposes. If the courts of last resort in Michigan and Maryland hold that the Act means something else, then we must follow those holdings since we are determining what is the law in those states on the point in question.
The matter is quite clear as to Maryland. In a very recent case, Vlamis v. DeWeese, 216 Md. 384, 140 A.2d 665, 671, the issue was whether partnership-owned realty upon the death of one of the partners descended to the heirs as realty or passed to the personal representative as personalty. The court held that:
"The partner's interest in the partnership, which is a personal chose in action, is all that he may assign or bequeath, and upon his death intestate that interest passes to his administrator as personal property."
The opinion went on to point out that the Uniform Partnership Act, adopted in Maryland in 1916, made the English rule the law that upon the death of a partner, intestate, his interest passes to his administrator as personal property.
In Michigan, the only decision cited, or of which after our own research we are aware, is not an appellate holding. In Hankey v. French, 281 Mich. 454, 275 N.W. 206, 208, the trial court "determined that the interest of the estate in the real estate is to be treated as personal property * * and these questions are not included in this appeal * * *." The real estate referred to was the decedent's interest in a partnership which owned land. All we can say from this case is that a Michigan circuit court has adjudicated the question here involved favorable to the widow's position, and that the losing party there did not assign that ruling as error, but appealed on other grounds. Apparently potential litigants in Michigan have not seen fit to contend in the Supreme Court of that state, that the death of a partner works a reconversion of partnership-owned realty. We must examine the cases in other states having the Uniform Partnership Act. The cases in every state, except New Jersey, support the widow's position. In Wharf v. Wharf, 306 Ill. 79, 137 N.E. 446, 449, the question to be decided was whether land not needed for the settlement of partnership affairs was realty which descended to the heirs, or personalty passing to the personal representative. After describing the English out and out conversion rule and the early American rule, including that of Illinois, of temporary conversion, recited the adoption of the Uniform Partnership Act in Illinois in 1917, Laws 1917, p. 625.
"It seems that the legislative intention was to adopt the English rule that real estate which becomes personal property for the purposes of the partnership remains personal property for the purpose of distribution."
The same result on the same question was reached in Cultra v. Cultra, 1949, 188 Tenn. *18 506, 221 S.W.2d 533, and followed in In re Moore's Estate, 1950, 34 Tenn. App. 131, 234 S.W.2d 847; Appeal of Silberman, 1926, 105 Conn. 192, 134 A. 778, upholding the power of Connecticut to tax as personalty a Connecticut decedent's interest in a partnership owning land in New York, under a statute almost identical with the Uniform Act. The same question on the same estate was dealt with in Blodgett v. Silberman, 277 U.S. 1, 48 S.Ct. 410, 414, 72 L.Ed. 749, in which the court said:
"It is very plain, therefore, that the interest of the decedent in the partnership of William Openhym & Sons was simply a right to share in what would remain of the partnership assets after its liabilities were satisfied. It was merely an interest in the surplus, a chose in action. It is an intangible, and carries with it a right to an accounting."
To the same effect are LaRusso v. Paladino, Sup., 109 N.Y.S.2d 627 and In re Ostler's Estate, 1955, 4 Utah 2d 47, 286 P.2d 796, 799. In the latter case cited, the court observed:
"Courts which have considered the changes brought about by the adoption of the Uniform Partnership Act have concluded that the legislative intent was to enact the English rule. * * * And with the exception of one state, the courts have unanimously held that marital rights in specific partnership property have been excluded by the Act, * * *."
After criticizing the New Jersey exception, the Utah court continued:
"The reasoning that the legislature attempted to give some attributes of legal entity to a partnership and thus stabilize joint business ventures by making its property less subject to individual claims is far more compelling."
Also in accord is Ewing v. Caldwell, 243 N.C. 18, 89 S.E.2d 774. The exception referred to by the Utah court is Hannold v. Hannold, 4 N.J. Super. 381, 67 A.2d 352. The conclusion there reached, that partnership land descends to the deceased partner's heirs, after the payment of partnership debts, is done quite casually, and without really considering the force of the Uniform Partnership Act. The case may nullify the Act in New Jersey on the point decided, but it is not persuasive to us as to what the law of Michigan is.
The Uniform Partnership Act provides that "a partner's right in specific partnership property is not subject to dower, courtesy, or allowances to widows, heirs, or next of kin." The appellees seem to draw some comfort from this provision. There is no doubt that had the decedent died a resident of Michigan or Maryland, the Act would have worked against the widow's claim of dower. She would not have dower in the partnership interest of her deceased husband since in both states dower is confined to land. The provision excluding claims of dower, courtesy, etc., demonstrates the legislative intent to free partnership land, and, therefore, partnership affairs, including its dissolution and distribution of assets, from the embarrassment of claims by those having some right to specific assets derived from a deceased partner. The Act excludes claims against specific property for [avoidance of] this interference with the process of continuing the partnership by the surviving partners is a salutory object of the statute. The exclusion of claims against specific assets has no bearing as to the claim against the fund which represents the deceased partner's share in the hands of the personal representative, whether the claim is that of a widow for dower, a creditor for his debt, or a legatee for his legacy. The Act seeks to free partnerships from the clammy grasp of the feudal hand.
The appellees insist that the terms of the written Michigan partnership agreement nullify the effect of the Act and require that the partnership land be treated as descending to the heirs. We observe that this must be an afterthought since the *19 heirs (the appellees) have not heretofore considered themselves as acquiring title to Michigan land by descent, since the surviving partners paid into the estate the value of Mr. Binkow's share. The important thing, however, is that the afterthought is not a valid one. Article 12 of the partnership agreement provides that at the termination of the venture and the debts paid "all monies and other assets of the joint venture then remaining shall be divided in specie among the parties in the same proportion as hereinabove provided." It is unnecessary to consider the question whether the Act prohibits a partnership agreement from working a reconversion. Paragraph 14 of the agreement provides that "In the event of the death of any one of the parties to this agreement, all the provisions hereinabove set forth relating to the retirement of a party shall apply, as though the deceased partner had, on the date of his death, served notice of his intention to retire on that day." The provision regarding the retirement of a party is that before retirement, the remaining partners may elect to continue the business and pay to the retiring partner the value of his interest and the retiring partner shall be deemed to have transferred all of his interest to the remaining partners. This is what was done in the present case. Clearly, the partners did not intend that the death of a partner cast the title to his share of the partnership realty upon his heirs.
We conclude that by the laws of Michigan and of Maryland, the decedent's interest in the partnerships owning land in those states is personalty. By the laws of these states, the widow is not dowable in personalty. A widow is dowable in personalty in Florida (§ 731.34, Fla. Stat., F.S.A.). The right of a widow to a share of the movables of a decedent in preference to legatees is determined by the law of the state in which the decedent died domiciled. Re statement, Conflicts, § 301. There is no want of jurisdiction in the county judge to assign dower in the personalty to the widow of a Florida decedent.
By a separate order, the county judges' court denied the widow's petition for attorney's fees from the estate for services in connection with the petition for assignment of dower. The appeal from this order has been consolidated with the main appeal. We think that the order denying the fee was correct. The service benefited the widow but not the estate; in fact, an allowance of dower depletes the estate. There is no statutory authority for the allowance.
The order disallowing attorney's fees is affirmed and the order denying the petition for assignment of dower as to the decedent's interest in the Michigan and Maryland partnerships is reversed.
Affirmed in part, reversed in part and remanded.
HORTON, C.J., and CARROLL, CHAS., J., concur.